FARRAR AND BROWN *vs.* THE UNITED STATES.

The practice has uniformly been, since the the seat of government was removed to Washington, for the clerk of the court to enter at the first term to which any writ of error or appeal is returnable, in cases in which the United States are parties, the appearance of the attorney general of the United States. This practice has never been objected to. The practice would not be conclusive against the attorney general, if he should at the first term withdraw his appearance, or move to strike it off. But if he lets it pass for one term, it is conclusive upon him, as to an appearance.

The decisions of this court have uniformly been, that an appearance cures any defects in the form of process.

MR. BENTON moved the court for leave to reinstate this case, which had been dismissed on a former day of the term for want of an appearance of the plaintiffs in error.

At the first term, when the writ of error was filed, the clerk of the court had entered the appearance of the attorney general of the United States, according to the usual practice in such cases.

The attorney general now said, he should not object to the reinstatement if the court thought it proper under the circumstances; but he had intended to take an objection at the time when the suit was dismissed, if any person had then appeared. It was, that the citation for the writ of error was returnable to a day out of term, to wit: on the *first* Monday of January 1828, instead of the *second* Monday of that year.

Mr Chief Justice MARSHALL delivered the opinion of the court as follows:

The practice has uniformly been, ever since the seat of government was removed to Washington, for the clerk to enter, at the first term to which any writ of error or appeal is returnable, the appearance of the attorney general in every case to which the United States are a party, by entering his name on the docket. This practice must have been known to every attorney general, and has never been objected to

It might be considered, therefore, as having an implied acquiescence on the part of the attorney general; although it is admitted that there is no evidence of any express assent. We do not say that this practice would be conclusive against the attorney general, if he should at the first term withdraw such appearance, or move to strike it out, in order to take advantage of any irregularity in the service of process. But if he lets it pass for that term, without objection; we think it is conclusive upon him as to an appearance.

The decisions of this court have uniformly been that an appearance cures any defect in the service of process; and there is nothing to distinguish this case from the general doctrine. The cause therefore is ordered to be reinstated.

On consideration of the motion made by the attorney general on the part of the defendants in error in this cause, to dismiss the writ of error in this cause, on the ground that the citation is made returnable to a day during the vacation, to wit, on the *first* Monday in January, A.D. 1828, whereas the return day should have been the *second* Monday in January, A.D. 1828, it is ordered by the court, that inasmuch as the said defect is cured by the appearance of the attorney general on the part of the defendant, said motion be, and the same is hereby overruled.