1873.
January
Term.

WHITE *vs.* SYDENSTRICKER, *et al.*

WILLIAM H. WHITE, PLT'F IN THE ACTION AND DEF'T IN ERROR, AGAINST JOHN T. SYDENSTRICKER, AND OTHERS DEF'TS IN THE ACTION AND PLL'FFS IN ERROR.

Decided January 30th, 1873.

### SYLLABUS.

1. A notice of motion for judgment on an undertaking, in which a blank is left for the day on which the motion will be made, and a blank for the name of the party who will make the motion; the name of the party to whom the undertaking is given, and to whom the money is to be paid, being signed at the foot of the notice, as the person giving the same, is sufficient.

2. An amendment of the return made by an officer on a notice, does not permit him in anywise to change or amend the notice itself; and if he does, the changed or amended notice is a nullity.

The questions of this case arise upon the following undertaking, notice, return, and amended return :

[Undertaking for the delivery of property.]

William H. White, plt'ff, *vs.* John T. Sydenstricker, def't.

Whereas the Sheriff of the county of Greenbrier, by virtue of a writ of *fieri facias* against the property of the said—, has levied on the following property, to-wit, two head of work horses : Now, therefore, we, and each of

1873.
January
Term.

White
v.
Sydenstricker
als.

us, undertake that the said John T. Sydenstricker will deliver the said property to the said Sheriff at Greenbrier C. H., on the 10th day of July, 1871, then and there to be sold to satisfy such execution, and in case he fails to do so that we, or either of us, will pay to the said William H. White the sum—$219.

Given under our hands this 15th day of June, 1871.

JOHN T. SYDENSTICKER.

PHILANDER SYDENSTRICKER,

J. W. DAVIS.

NOTICE..

*To John T. Sydenstricker, Philander Sydenstricker, and James W. Davis:*

Notice is hereby given you, that on the —— day of the next term of the Circuit Court for the county of Greeenbrier, —— shall move the said Court to render judgment and award execution against you, on an undertaking dated the 15th day of June, 1871, which said undertaking was executed to William H. White in the sum of $219, is conditioned for the forthcoming and delivery of property, and has been forfeited.

Given under — hand this 6th day of September, 1871.

WILLIAM H. WHITE.

RETUTN.

Executed the within on J. T. Sydenstricker, by delivering to him in person *an office* copy, on the 13th day of September, 1871, and J. W. Davis and P. Sydenstricker, by delivering an office *copy* in person to a member of his family over 16 years of age, at *his* usual place of abode, on the 13th of September, 1871, said Davis and Sydenstricker not being at their residences.

G. W. CARPENTER, Deputy,

For A. KNIGHT, S. G. C.

AMENDED RETURN.

Executed the within notice on John T. Sydenstricker, by delivering a true copy of the same to him, on the

1873.
January
Term.

White
v.
Sydenstricker
als,

13th day of September, 1871; on J. W. Davis, on the same day, by delivering a true copy to Lewis Davis, a member of his family, above the age of 16 years, and giving information of its purport to him, at the usual place of abode of the said Davis, he being absent from home ; and on Philander T. Sydenstricker, on same day, by delivering a true copy of the same to John T. Sydenstricker, a member of his family, above the age of 16 years, and giving information of its purport to him at the usual place of abode of said Philander T. Sydenstricker, he being absent from home.

G. W. CARPENTER, Deputy,

For A. KNIGHT, S. G. C.

*Davis* for Plaintiff in Error.

*Harris* for Defendant in Error.

---

*An appeal from the Circuit Court of Greenbrier County.*

PAULL, JUDGE :

This was a judgment on an undertaking against two of the persons signing the same, rendered after service of notice and proof thereof in Court. The return of the deputy sheriff on said notice being defective, leave was given him to amend. In making his amendment of service, he also changed or altered the notice itself, by supplying the blanks appearing therein. This he had no right or power to do. The notice is the act of the party, not of the sheriff; his sole business was to make return how he had executed the same, just as it came to his hands, without regard to any defects therein. A notice of motion for the recovery of money is in the nature of process, and in regard to it, the 5th section, chap-

ter 124, of the Code provides, that it shall not, after it is issued, be altered, nor any blank therein filled up, except by the Clerk. No officer may in any manner interfere or tamper with it. This changed or amended notice must therefore be held a nullity. The amended return can only apply to the first or original notice as it appears on page 5 of the record. And the question has been made whether this notice is sufficient. It is objected to on account of the blanks appearing therein. The day of the term on which the motion will be made is left blank; also the name of the party who will make the motion. The notice was obviously designed to be in the first person, and the pronoun "I" is left out; but the name of the payee in the undertaking is signed at the foot of the notice, as the party who gives it.

Are these defects sufficient to invalidate the notice? I think they are not. Notices like the present, in the nature of process, and every summons to institute proceedings, are only designed to furnish information to the parties interested, that such proceedings have been commenced, by whom, and the time, place, and tribunal where they will be heard. It is true, indeed, that this information should be ample, and given in a form which cannot mislead, surprise or deceive, but when this is accomplished, ordinarily their office is ended. If the defect complained of cannot operate to the injury of the opposite party, it should be disregarded. In the case of Hare vs. Niblo, 4 Leigh, 359, a capias ad respondendum is made returnable to the next term, generally, instead of to the first day of the term, as the statute requires; the writ is executed before the time and returned to the first day: an office judgment is entered at rules: at ensuing term, Defendant moves to quash the writ, and all the proceedings on it at rules on the ground that the writ being returnable to term generally, was naught; and the Court overruled the motion; Held, that the motion was rightly overruled. So here on the day on

7

which this notice was returned, the parties could appear. Again, in 1, Call 51, Drew *vs.* Anderson, Judge Roane said, I am strongly inclined to view notices with indulgence, seeing that they are acts, not of lawyers, but of parties; if, however, they descend to particulars, as to dates and sums, the documents referred to must, when produced, correspond with the notices, or no judgment can be rendered.

As to the other blank, the parties must have understood that a judgment would be asked for by William H. White, who was the payee in the undertaking, and who had signed the notice, notwithstanding the omission of the pronoun "I." There is here no possible ground of misapprehension as to its meaning; the parties had all sufficient information.

A date to the notice is immaterial, much less a blank therein, if it has been served in time. The notice is then held to be sufficient.

This notice having been given and proved by the return of the sheriff, the Court rendered judgment against two of the Defendants, which judgment is affirmed with damages and costs, to the Appellee.

After the above opinion was given, the attention of the Court was directed to the original manuscript record, and on a careful inspection thereof, the Court is satisfied that there is no variance between the notice and the undertaking; and the judgment of the Circuit Court is therefore affirmed, with damages and costs to the Appellee.

The foregoing opinion, was concurred in by Judges HAYMOND and MOORE.