## CHARLESTOWN.

BOARD OF EDUCATION OF ST. GEORGE DISTRICT OF TUCKER COUNTY *v.* PARSONS, SHERIFF, *et al.*

Submitted September 18, 1883—Decided October 2, 1883.

1. It is the purpose of a notice, on which to base a motion for judgment, to acquaint the defendant with the grounds, on which he is to be proceeded against; and if it be so plain that the defendant cannot mistake its object, it is sufficient, however wanting it may be in form and technical accuracy. (p. 311.)

2. It is the duty of an *ex-sheriff*, who has in his hands moneys belonging to the board of education of a district in the county, upon the demand of said board by an order, made and signed by its president and secretary, and delivered to him requiring him to pay such moneys to the present sheriff, and *treasurer* of the board, to pay the same upon such order, unless he has legal grounds for refusing to pay the same.   (p. 313.)

3. A motion may be made in the name of the board of education to receive money of a sheriff and his sureties on his official bond. (p. 313.)

The facts of the case are stated in the opinion of the Court.

*W. B. Maxwell* for plaintiff in error.

*A. B. Parsons* for defendants in error.

JOHNSON, PRESIDENT:

The plaintiff gave the defendants a notice in these words:

"To Ward Parsons, late sheriff of the county of Tucker, State of West Virginia, and S. B. Wamsley and S. W. Bowman his sureties upon the school bond of said sheriff.

"*Gentlemen*—Whereas you, Ward Parsons, was on the —— day of ——, 1876, duly elected, and on the — day of ——, 1876, duly declared elected to the office of sheriff, of the county of Tucker, State of West Virginia, for the term of office commencing January 1, 1877, and ending December 31, 1880.  And you, Ward Parsons, as such sheriff elect, on the — day of ——, 1877, entered into, as required by law, with you S. B. Wamsley and S. W. Bowman as sureties therein, and the county court of said county took from you and approved and ordered to be filed and recorded, as required by law, a bond known as the school bond in the penalty of ten thousand dollars with a condition thereunder written, in these words, to-wit:   'Now if the said Ward Parsons shall faithfully discharge the duties of his office of sheriff as aforesaid, and account for and pay over, as required by law, all money which may come to his hands by virtue of the said office, then the above obligation to be void, otherwise of force.'  And you, the said Ward Parsons, entered upon the discharge of the duties of your said office on the 1st day of January, 1877, and continued to discharge the duties of your said office until the expiration of your term of office,

and by virtue of your said office collected all school-levies made for the teachers' fund in the district of St. George in said county during your term of office; and you on the —— day of ——, 1881, having made a settlement with the proper officers of said county, as required by law, whereby it is properly made to appear, that you, as sheriff aforesaid, was at that time indebted to the 'teachers' fund' of St. George district in said county in the sum of three hundred and twenty-seven dollars and thirty-five cents, which said settlement was the last one made by you of school-moneys, which went into your hands, during your said term of office; and we having entered an order upon our order-book on the —— day of ——, 188–, and caused a copy of said order so entered by us to be delivered to you, whereby you was directed to pay the amount in your hands, due said district, to A. C. Minear, present sheriff and *ex officio* treasurer of said county and the several districts therein; and you, the said Ward Parsons, having failed and refused to account for and pay over the said sum of money and any part thereof according to law and according to said order so passed by us, nor has any one else paid the said sum of money, or any part thereof for you, but to pay the same you and every one having the right to pay the same for you have heretofore and still neglect and refuse so to do; by reason whereof the condition of your said bond has been broken, and an action hath accrued to us to ask, have and demand of and from you, and each of you, the said sum of three hundred and twenty-seven dollars and thirty-five cents, above mentioned, with proper interest thereon, and damages thereon at ten per cent. and costs. Notice therefore is given to you and to each of you, that on the first day of the May term, 1882, of the circuit court of Tucker county, West Virginia, we by our attorney, will move said court for judgment against you on our behalf for the sum of three hundred and twenty-seven dollars and thirty-five cents, the same being the amount due by you to the 'teachers' fund' of St. George district of Tucker county, with proper interest on said sum of money and damages thereon at ten per cent. and costs."

The notice is signed by the said Board of Education, by counsel.

On the 15th day of May, 1882, the defendants moved to quash the notice, which motion the court sustained and quashed said notice and gave costs to defendants.

To this judgment the plaintiff in the motion upon the notice obtained a writ of error.

It is insisted that the notice is insufficient. I can do no better than to quote what Professor Minor says on the sufficiency of a notice, in which he reviews the Virginia authorities on the subject; and we approve what he says as the law applicable to notices of the character of that before us.

"Its purpose is to acquaint the defendant with the grounds, on which he is to be proceeded against, and if it be so plain, that the defendant cannot mistake the object of the motion, it suffices, however wanting it may be in form and technical accuracy. Being usually drawn not by a lawyer, but by the party plaintiff himself, it is viewed with indulgence; and although, if too vague and indefinite to warrant the interposition of the court, it will be fatal, (*Coffman* v. *Sangston*, 21 Gratt. 267) yet it is to be construed with favor, the court striving to apply it according to the truth of the case, so far as its terms will admit. 1 Rob. Pr. (1st ed.) 589; *Graves* v. *Webb*, 1 Call. 443; *Segouine* v. *The Auditor*, 4 Munf. 398; *Steptoe* v. *Same*, 3 Rand. 221; *Supervisors* v. *Dunn*, 27 Gratt. 612. But if it descend to particulars as to dates, sums and names, the documents referred to, when produced, must correspond with the notice or no judgment can be given. 1 Rob. Pr. (1st ed.) 590 ; *Drew* v. *Anderson*, 1 Call. 51; *Cookes* v. *Patriotic Bank*, 1 Leigh 433. A few instances will serve to illustrate the general rule. In *Lemoigne* v. *Montgomery*, 5 Call. 528, a notice for a motion on a forthcoming bond, signed by the plaintiff. was held to be sufficient, although it did not state to whom the bond was payable, the defendant being obliged in reason to conclude that it was payable to the plaintiff. So in *Booth* v. *Kinsey*, 8 Gratt. 560, a notice on a forthcoming bond was held to be not defective for omitting the obligors, to whom the notice was not designed to be given. And in *Segouine* v. *Auditor*, 4 Munf. 398, a notice for a motion for a judgment against a sheriff for the *amount* due on executions for fines put into the sheriff's hands, 'as appears by a copy of his receipt,' was deemed sufficient without men-

tioning the aggregate sum due, the amount of each execution or the time of delivery to to the sheriff. So in *Hendricks* v. *Shoemaker*, 3 Gratt. 197, a joint notice to a constable and his sureties for defaults of the constable in several cases, in respect to the same plaintiff, set forth in an accompanying list, was held sufficient. Bart. L. Pr. 331–2. So in *Montieth* v. *Commonwealth*, 15 Gratt. 172, it was held that a notice against a sheriff for failure to pay taxes collected need not state on what bond of the sheriff the motion will be made. And in *Supervisors, &c.* v. *Dunn*, 27 Gratt. 612, a notice against a sheriff (D) and his sureties, of a motion for judgment for four thousand eight hundred and forty dollars and three cents, 'the same being the amount of the said D's deficiency and default for county-levies for the year 1869, that went into the said D's hands as sheriff, and which he failed to account for and pay over, &c.,' was determined to be sufficiently specific and definite to warrant a judgment thereon." 4 Minor's Inst. (part II) 1091. See also *White* v. *Sydenstricker*, 6 W. Va. 46. The notice in this case is much more formal and definite than some of those above referred to.

But it is insisted, that the notice in this case does not show on its face, that the plaintiff is entitled to recover, because it does not show that the sheriff refused to pay out money standing to the credit of the Board of Education upon an order of said board signed by its president and secretary, specifying the sum to be paid and the fund, to which it is to be charged, or that the sheriff refused to pay out said money upon a certified copy of a judgment or upon decree of a court or a judgment of a justice against the said board for a sum of money therein specified, or upon the order of a county superintendent.

By section 46 of chapter 15 of the Acts of 1881, the sheriff is required to collect and disburse all school-moneys. He is required to keep the accounts, one of the "building fund" and one of the "teachers-fund." It provides, that "he shall pay out no money standing to the credit of the Board of Education except upon an order signed by the secretary and president thereof, specifying the sum to be paid and the fund to which it is to be charged; or upon a certified copy of a judgment, or a decree of a court, or justice, against the

said board, for a sum of money therein specified, or upon an order of the county superintendent."

It is clear, that this provision of the statute has no reference to a case like this. The *sheriff* is *ex officio* treasurer of the several school-districts in the county; and this provision shows how he shall disburse the moneys, which he holds in his hands as such treasurer. The board makes its order upon him, which order he is required to pay. Where there is a judgment against the board, it does not require the order of the board to authorize him to pay it. This is a case, where the party ordered to pay the money is an *ex-sheriff* and *ex-treasurer*. While it is his duty to settle up his business and honor all drafts made upon him, while he is treasurer, yet it is clearly his duty at the end of his term upon the order of the board, to whose credit the money stands, to pay it to the sheriff, who is their treasurer, so that the board may make proper orders thereon. In this case such an order was made, if the notice be true, and served upon said late sheriff, and unless he could show, that he did not owe the money, or had legally disbursed it, or there was some other legal reason why he should not pay it over, it was his duty to pay it.

It is claimed, that if he was legally liable, Minear, the present sheriff, should have sued. There is nothing in this; it was the money standing to the credit of the Board, and it would stand to the credit of the Board on the books of the new sheriff and treasurer, and all that the new sheriff would be required to do would be to receive the money from the old sheriff and give him a receipt therefor.

It is claimed, that the notice should have been in the name of the State for the use of the Board of Education. This motion was properly in the name of the Board, as the money was due the Board. Sec. 5, ch. 104, Acts 1872–3.

The notice in this case was sufficient, and showed valid grounds for judgment on the motion. The judgment of the circuit court is reversed with costs; and the motion to quash overruled; and the case is remanded.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    CASE REMANDED.