# WHEELING.

## SHEPHERD v. BROWN.

Submitted June 4, 1887.—Decided June 25, 1887.

| 30 | 13 |
|----|-----|
| 42 | 601 |
| 30 | 13 |
| 44 | 518 |
| 30 | 13 |
| 57 | 66 |
| 57 | 412 |
| 30 | 13 |
| 60 | 560 |

1. NOTICE—APPEARANCE—CONTINUANCE.

By appearance to a motion against a sheriff and his sureties under section 5 of chapter 121 of the Code and repeated continuances of the case generally by consent of parties the defendants waive any objection to the notice because not served in time; but they do not thereby preclude themselves from moving to quash the notice because fatally defective on its face.

2. NOTICE.

Such a notice will be treated with great indulgence by the court. All that is required in such a notice is, that it should be so plain, that the defendants can not mistake its objects, however it may be wanting in form and technical accuracy; but the notice must show, when thus indulgently construed, that by the terms of the act, under which the plaintiff is proceeding, he is entitled to recover in this summary manner, and on the trial he must show himself to come fully within the terms of the act, under which he is proceeding; for the court will presume nothing in his favor.

3. NOTICE—JUDGMENT—OFFICIAL BOND.

Upon a motion under this section and chapter the court may give judgment against the sheriff and his sureties for so much, as the plaintiff is entitled to recover in any form of action by virtue of the sheriff's official bond. though the demand be not of a fixed sum or one capable of being fixed by arithmetical calculation but be for an unascertained amount, for which, if the sheriff had been sued for a tort, the action would have sounded in damages.

4. NOTICE.

If the allegation in such notice be, that the sheriff having

levied an attachment on the defendants' property, which attachment was quashed, and the sheriff ordered to return the property, which he refused to do, and the plaintiff asked judgment for the value of the property, such notice is not fatally defective on motion to quash, because the plaintiff failed to allege, that he owned the property, when it was ordered to be returned.

5. NOTICE.

Such notice alleged, that the sheriff executed his official bond, which was afterwards approved by the County Court, but failed to state, that it was filed in the clerk's office of the County Court. Such omission is not a fatal defect in such notice on motion to quash.

6. NOTICE.

The notice states, that the sheriff levied an attachment issued against the plaintiff and another on the property of the plaintiff but returned the attachment, as though this property of the plaintiff so levied on was the property of the other defendant; and when the attachment was quashed, the court ordered the sheriff to return the property to such other person, to whom by his return it appeared to belong. This was not a judgment of the court, that the property belonged to the other defendant and not to the plaintiff; and it cannot be relied on as estopping the plaintiff from alleging in such notice, that it was his property. It is not *res adjudicata.*

7. NOTICE.

In such a notice the plaintiff may claim not only the value of the property not returned by the sheriff but kept by him but also a sum for the estimated damages done to another portion of the property by the sheriff, while it was in his legal possession, though this property in this damaged condition was returned in obedience to the court's order, as both of these demands could have been recovered on in a suit on the sheriff's official bond.

8. NOTICE.

If taking the whole notice together it plainly appears, that the plaintiff claimed all the property levied on by the sheriff, though this be not stated in a technical manner and, if one part of the notice only was looked at, might possibly be construed as asserting a claim to no undivided interest in the property, this would not be a fatal defect in the notice on motion to quash.

Statement of the case by GREEN, JUDGE :

This was a motion under section 5 of chapter 121 of the Code as amended by chapter 74 of the acts of 1882 for a judgment for so much money, as the plaintiff, Caroline A. Shep-

herd, was entitled to recover by action on a sheriff's bond of Richard A. Brown, sheriff of Hancock county, executed by him with George Brown, Jonathan Allison, John L. Miller, William A. Jones, David Pugh and Jacob N. Brown, the last of whom had died. The notice was, that on the 7th day of November, 1883, she would move the Circuit Court of Hancock county for judgment against the sheriff and all of his sureties in said bond other than Jacob N. Brown, who was dead, for the sum of $242.25 with interest thereon from March 31, 1881, the basis of her demand being set forth in detail in the notice, which is as follows :

" To RICHARD H. BROWN, late sheriff of Hancock county, West Virginia, and GEORGE BROWN, JONATHAN ALLISON, JOHN L. MILLER, WILLIAM A. JONES and DAVID PUGH, his sureties :

"Take notice, that, whereas the said Richard H. Brown did on the 14th day of December, 1876, give and execute his bond as sheriff of the said county of Hancock, which said bond was at the same time executed jointly and severally by you, the said George Brown, Jonathan Allison, John L. Miller, William A. Jones and David Pugh, as also by Jacob N. Brown, since deceased, as his sureties, and was approved by the County Court of said county on the 18th day of December, 1876, as by the record of said County Court fully appears; and whereas, one Cynthia Stewart did, on the 9th day of August, 1880, in a certain suit in chancery then pending in the Circuit Court of said county, in which she was plaintiff, and Samuel Stewart and the undersigned Caroline A. Shepherd were defendants, sue out of said court an order of attachment against the estate of said defendants, which order of attachment was served on the 13th day of August, 1880, by the said Richard H. Brown, then sheriff of the said county, as appears by his return endorsed on said order of attachment, dated respectively as last named, by levying on (among other things) the so-called undivided interest of said Samuel Stewart in a lot of wheat in the sheaf, supposed to be 300 dozens; one lot of oats in sheaf in barn, supposed to be 100 dozens, and 270 shocks of corn, the same being levied on as the property of said Samuel Stewart, but which said property was then and there in fact the property of the undersigned Caro-

line A. Shepherd, and the said property was, under and by pretended virtue of two several bonds executed by the plaintiff in said suit, or under whatsoever pretended authority it may be, then taken into the possession of the said Richard H. Brown, as sheriff as aforesaid; and whereas, by order made in said chancery suit on the 31st day of March, 1881, the said Circuit Court did order and direct that the attachment bonds (being the bonds above mentioned) in said suit be quashed, and that the said personal property be surrendered to the said Samuel Stewart by the said Richard H. Brown, and which said order did in effect quash and set aside the said levy on said personal property; and whereas, the said personal property has not, nor has any part of it, been returned or surrendered to the said Samuel Stewart, or to me, or to any other person for the use of said Samuel Stewart, or of me, but has been retained and kept by said Richard H. Brown, who refuses to deliver the same to the said Samuel Stewart, or to me (excepting that the corn husked from said shocks has been returned, but in a damaged condition): Now, therefore, I will, on Wednesday, the 7th day of November, 1883, being the 3d day of November term, 1883, of the Circuit Court of said county, move the said Circuit Court for judgment against you and each of you in my favor, for the sum of $242.25, with interest thereon from the 31st day of March, 1881, being—

| | |
|---|---:|
| For the value of wheat so failed to be surrendered | $121 00 |
| For the value of oats so failed to be surrendered | 56 25 |
| For the value of corn fodder so failed to be surrendered | 55 00 |
| And for damages to corn returned as aforesaid | 10 00 |
| Total | $242 25 |

" Together with interest thereon as aforesaid.

" CAROLINE A. SHEPHERD."

This notice was duly served on Richard H. Brown, the late sheriff, and George Brown, one of his sureties in said bond. The case was docketed at the term, to which this notice was returnable, and was continued by consent. Thereafter it was in like manner continued generally three terms of the court by consent of parties, and at two other terms it was continued generally. On June 23, 1884, an order was made, that there was executed in open court and approved as

sufficient the bond of Caroline A. Shepherd with Samuel Stewart her surety for the costs of the suit in the penalty of $60.00; and finally on November 2, 1885, the following final order was entered in the case:

"This day came the parties, by their attorneys; and the defendants move to quash the notice herein, because—

First. It was not served in proper time.

Secondly. It joins claims that should not be joined.

Thirdly. No cause of action in favor of said Caroline appears.

Fourthly. Notice is not the proper remedy, if any exist.

Fifthly. Other errors and imperfections.

And the said notice being duly argued it is considered by the court that the same be and it is sustained, and, that the defendants recover their costs by them in their defence expended."

From this judgment of the court a writ of error was allowed by this Court on February 5, 1886.

*John R. Donahoo* for plaintiff in error.

*Ewing, Melvin and Riley* for defendants in error.

GREEN, JUDGE:

The case, briefly stated in the notice, is as follows: An attachment was by order of the Circuit Court of Hancock county issued against the estate of the plaintiff and one Samuel Stewart, and the defendant as sheriff of said county levied the same on certain wheat, oats and corn, the property of the plaintiff, and the party issuing the attachment having attempted to give attachment-bonds, under which the sheriff took possession of said wheat, oats and corn, when he levied the said attachment on August 13th, 1880, the return, which the sheriff made on the attachment, was that he had levied the attachment on an undivided interest of Samuel Stewart in the wheat, oats and corn, the property of Samuel Stewart. On March 31, 1881, these attachments were quashed by said court; and the sheriff was ordered to return all the personal property to said Samuel Stewart, which order, the notice says, did in effect quash and set aside said levy on said personal property. The said sheriff never re-

turned any of said personal property to Samuel Stewart or to the plaintiff or to any one for the use of the plaintiff or Samuel Stewart; but he kept it all and refused to return it to Samuel Stewart or to the plaintiff, except that he returned the corn in a damaged condition, after it had been shucked. The plaintiff in her notice claimed a judgment for the value of the wheat, oats and corn not returned $232.25 and $10.00 more for the damages done to the corn, which was returned, and interest on the whole from the date of the order directing it to be returned, that is March 31, 1881. The notice was served on the sheriff and one of his sureties in his official bond. The plaintiff gave a bond for costs with said Stewart as her surety, and after repeated continuances generally by consent of the plaintiffs and these defendants the court on the motion of these defendants quashed the notice and rendered a judgment for costs against the plaintiff November 2, 1885.

The only question presented to this Court by writ of error to this judgment is: Was this notice copied in the statement of the case fatally defective; and if it was defective, were not all the defects in it cured by the appearance of the defendants and the continuance with their consent repeatedly, before they made any motion to quash the notice or any objection of any sort to it? It would seem from the record, that one of the grounds, on which the defendants based their motion to quash the notice, was that it was not served in time. I have paid no attention to this point, because by appearance to an action in any case for any other purpose than to take advantage of the defective execution or non-execution of notice or process a defendant places himself precisely in the situation, in which he would be, if notice or process was executed upon him properly and in proper time, as he thereby waives all objection to the defective execution or non-execution of process. *Burlew* v. *Quarrier*, 16 W. Va. 109, pt. 9 of syll. and p. 145; *Bank* v. *Bank*, 3 W. Va., 386; *Mahany* v. *Kephart*, 15 W. Va. 609; *Williams* v. *Campbell*, 1 Wash. 153; *Buckingham* v. *McLean*, 13 How. 150; *Ferran* v. *U. S.*, 3 Pet. 459; *Gracie* v. *Palmer*, 8 Wheat. 699; *Pollard* v. *Dwight*, 4 Crane 428. I would say however, that, it seems to me, notice was served

in proper time. Ten days is the time required, within which to serve such notice. Code, chap. 124, sec. 4. This notice was served eleven days before the motion was to be made.

Were the appearance of the defendants and the repeated continuances of the cause for nearly two years a waiver of all objection to the form and sufficiency of the notice? The cases referred to by the counsel for the plaintiff in error to sustain the affirmative of this question are *Moore* v. *Douglas*, 8 W. Va. 728; *Brodie* v. *Claytor*, 8 W. Va. 599; *Read* v. *Gardner*, 9 Gratt. 89. These cases do not sustain the position, that simple continuance with the defendant's consent would operate as a waiver of defects of substance in the plaintiff's pleading. In each of them it was affirmative action on the part of the defendant, which was construed, and could hardly be construed otherwise, as a waiver of all defects in the pleading of the plaintiff or at least of such defects, as the defendant attempted to take advantage of afterwards in the appellate court. That a party may by his acts and agreements waive defects even of substance, these cases settle; but there were no acts or agreements of the defendants in this cause, which amounted to such waiver at least in the court below, where he called especial attention to these supposed defects, and the court sustained him in his position.

It only remains for us to determine, whether the court below erred in holding the notice in this case fatally defective. The notices in such cases, as are notices for judgments of any kind are treated with great indulgence by the courts. The purpose of such a notice as the present one is to acquaint the defendants with the grounds, on which the plaintiff proposes to proceed against the defendants; and all that is required in such notice is, that it should be so plain, that the defendants cannot mistake the objects of the motion, however it may be wanting in form and technical accuracy. As showing the great indulgence, with which such notices are treated, I refer to the cases of *Montieth* v. *Commonwealth*, 15 Gratt. 172, and *Supervisors* v. *Dame*, 27 Gratt. 608, in which cases it was held on motions against the sheriff and his sureties because of his failure to account for taxes, that it is not necessary to state in the notice, on what

bond of the sheriff the motion will be made. In the first of these cases Allen, Judge, says : " The notice is of a motion against the sheriff and others, his sureties, for certain taxes due from said sheriff for 1857. No particular bond is de-scribed, but it was incumbent on the Commonwealth to show at the trial, that the said sheriff with the persons named as his sureties had duly executed a bond for the faithful discharge of the duties of his office for that year." The sheriff's bond in the case before us, while there is a failure to state its con-tents, except by saying it was a " bond as sheriff of Hancock county," is fully identified by its date and otherwise. It is obvious, that this failure to specify the contents of a bond does not make a notice defective ; for calling it a bond given by the sheriff makes it so plain, that the defendants can not mistake the bond, on which the plaintiff is proceeding, and they sufficiently know its contents by its being called a sher-iff's bond. In view of the liberality of the courts in reference to notices it would seem unwise to attempt much accuracy or particularity ; for if the notice descends to particulars as to dates, sums and names, the document referred to must, when produced, correspond with the notice, though of course such particularity would not vitiate a notice. *Drew* v. *Anderson,* 1 Call. 51 ; *Cooke* v. *Bank,* 1 Leigh 433. Any danger of this sort would be avoided by a more general description, provided it be not so vague, that what is intended may be mistaken. *Graves* v. *Webb,* 1 Call 443 ; *Segouine* v. *Aud-itor,* 4 Munf. 398 ; *Steptoe* v. *Auditor,* 3 Rand. 221 ; *Super-visors* v. *Dunn,* 27 Gratt. 612 ; *Board* v. *Parsons,* 22 W. Va. 308 ; *Lemon* v. *Montgomery,* 5 Call 528 ; *Booth* v. *Kinsey,* 8 Gratt. 560 ; *Hendricks* v. *Shoemaker,* 3 Gratt. 197 ; *White* v. *Sydenstricker,* 6 W. Va. 46.

An examination of these cases will show the great indul-gence granted by courts to notices, so far as form and tech-nicality are concerned. Indeed so far has this indulgence gone, that such notices have frequently been sustained, when there was a very great want of accuracy in the statement of the case in the notice. Examples of this are to be found in the above cases ; and the substance of a number of them very briefly stated may be found in *Board* v. *Parsons,* 22 W. Va. 311, 312. But the notice, even when thus indulgently inter-

preted, must show, that the plaintiff by the terms of the act, under which he proceeds, is entitled to recover in this summary manner. This mode of summary proceeding by notice was not intended generally to confer new rights on the plaintiff but to give him a simple remedy dispensing with the rules of pleading and all technical accuracy and requiring simply, that it should according to the usual meaning of the language in the notice be plain enough to inform the plaintiff clearly, what is the object of the notice, so that he may not mistake, what the plaintiff really claims.

But while the courts view these notices with much indulgence, if the plaintiff by his notice shows, that he is by the statute, under which he claims to be proceeding, entitled to the redress, he seeks in this manner; yet the court does not show such indulgence, when there is a question whether the plaintiff has a right to proceed in this summary way; but in such case he must show himself on the trial to come fully within the terms of the act, under which he is proceeding; for in this the court will then presume nothing in favor of a summary proceeding by motion. But this strictness on the part of the court in reference to requiring the plaintiff on the trial to show clearly, that he is entitled to judgment in this summary manner, is greater than in the notice, which is construed with less strictness than is required by the rules of pleading in action. *Stewart* v. *Hamilton*, 2 H. & M. 48; *Mayor* v. *Hunter*, 2 Munf. 223; *Bank* v. *Horner*, 26 W. Va. 445.

I will now examine the objections urged to this notice as making it fatally defective. It is claimed by the counsel of plaintiff in error, that the true interpretation of section 5 of chapter 121 of the Code, under which this notice was given, makes it applicable to cases, where the sheriff was liable to pay a fixed money-demand or a sum, which could be made certain by an arithmetical calculation, in other words a demand, which could be recovered in an action of debt. The section is as follows: "In the case of any bond given by a sheriff filed in the office of the clerk of the County Court of the county the Circuit Court of the county may on motion of any person give judgment for so much *money*, as he is entitled by virtue of such bond to recover by *action*." I have copied

only so much of this section, as is necessary to the full understanding of it, so far as the question before us is concerned; and I have italicised those words relied upon by the parties respectively as serving specially to show the meaning of the section on the point I am considering. I consider, that in construing section 35, chapter 19 of Acts of 1881, this Court has in effect decided the point now under consideration. This section, so far as it is necessary to quote it in considering this point, is substantially as follows : If any sheriff shall make such return upon any process, as entitles any person to recover *money* from such sheriff by *action*, the court may on motion give judgment against such officer and his sureties, for so much *principal and interest*, as could at the time, such return ought to have been made, have been recovered by such action, and certain specified interest.

This section we decided in *Bank* v. *Horner*, 26 W. Va. 442, entitled a party in the case specified in it to recover not simply a sum certain, such as by action of debt might be recovered, but a sum also sounding in damages, which might be recovered in any form of action against the sheriff. The principal reason, which compelled us to give this statute this construction, was, that by the revisal of 1849 it was changed by substituting in it the word *action* underscored in the quotation of this act above in lieu of the words *action of debt*, which was before that time the wording of this act. Code of Va. of 1819, chap. 149, sec. 48. As worded before the Code of 1849 it was clear, there could be no recovery by notice in a summary way, except when the recovery was a sum certain ; and it had been so repeatedly decided by the courts. But this significant change in the Code of Va. of 1850 showed, that the legislature no longer intended to confine this summary remedy under this section against the sheriff and his sureties to cases, where the recovery was a sum certain ; and we so decided in the case in 26 W. Va. above cited. Now having adopted the policy of making the sheriff and his sureties responsible in the case named in this section by a summary proceeding by motion, wherever he was responsible by action in any form, they proceeded further and by a provision exactly like the one contained in section 5 of

chapter 121 of the Code of W. Va., made the sheriff always liable on his bond by motion in a summary manner, whenever he would be liable in any form of action, using language very similar to that contained in section 35 of chapter 19 of Acts of 1881, which we construed as not confined to cases, where a sum certain could be recovered by action. They used the word *action* not the words *action of debt* as before in a somewhat similar act to the one above quoted. The section, under which the proceedings in the case befo᠇ ᠂ us were instituted, was introduced into our statute-law for the first time in the Code of 1850.

The next objection urged to the notice in the case before us is, that the facts briefly stated and set out at greater length in the notice, are the following : One Cynthia Stewart sued out an attachment in the Circuit Court of Hancock county against the plaintiff in this suit, Caroline A. Shepherd, and one Samuel Stewart. This attachment was levied on a lot of wheat, oats and corn the property of the plaintiff in this suit; but the attachment was returned by the sheriff, a defendant in this suit, as levied on this property as the property of her co-defendant, Samuel Stewart. This levy was made August 13, 1880; and on August 31, 1881, the court quashed the attachment, because the attachment-bond was fatally defective, and dismissed the attachment-suit and ordered the wheat, oats and corn to be returned by the sheriff to Samuel Stewart, whose property his return stated it to be. He returned the corn in a damaged condition, the depreciation on it being $10.00; and the wheat and the oats and the fodder of the corn, which the sheriff kept and refused to return either to Samuel Stewart or to the plaintiff in this suit, were worth $232.25; and for this and the $10.00 of damages with interest on these sums this notice was given to the sheriff and four of his sureties in his official bond, his fifth surety being dead. There is no direct allegation, that the plaintiff in this suit owned the wheat, oats and corn-fodder, when the court quashed the attachment and ordered the return of the property.

There is nothing in this objection to a notice. The allegation being made, that the plaintiff owned the property, when it was levied on, it will be presumed, unless the con-

trary is shown, that she continued the owner thereof. This might not have sufficed in a regular action brought against the sheriff; but the authorities, we have cited, show, that the indulgence given to such notices would cover and cure such a defect; for "the defendants could not have mistaken the object of this notice" and must have known, that the plaintiff claimed, it may be informally, that she was damaged by the refusal of the sheriff to return her property as ordered by the court. *Board* v. *Parsons*, 22 W. Va. 311. In that case, it seems to me, the rule laid down as to the accuracy to be observed in such notices shows, that there is no valid objection to the failure of the notice to directly allege, that the plaintiff continued to own this property, when the sheriff was ordered to return it.

The next objection, that the notice states only, that the sheriff's official bond was executed and afterwards approved by the County Court of Hancock county on December 18, 1876, when it should according to the statute have stated, that it was filed in the office of the County Court of Hancock county, is unfounded, as the law will presume, that it was filed in the proper office. We have seen that the law will in a notice presume, that the sheriff was by his bond bound faithfully to execute the duties of his office, though there was an entire failure to state in a notice, that there was any such condition in the bond, or what were its contents. The statement in the notice with reference to the bond is nothing but an inducement; and in a notice, on the principle I have stated, the statements in this notice were abundantly accurate. Indeed a much looser statement in reference to it would have sufficed.

The next objection to this notice is, that it shows on its face, that the court had adjudged, when it quashed the attachment named in the notice, that the property ordered to be returned by the sheriff and not returned was the property of Samuel Stewart, the plaintiff's co-defendant in that cause, and that this estopped her from setting up in this proceeding, that this was her property, as that it was not hers, was *res adjudicata.* To establish this position the counsel for the defendants in error rely on *Tracy* v. *Shumate*, 22 W. Va. 474, 475, 476; *Poole* v. *Dilworth*, 26 W. Va. 583, and *Tilson*

v. *Davis*, 32 Gratt. 92. These cases have no application, as the court never adjudged, who was the owner of the property. It simply directed, when the attachment was quashed, that the sheriff should return the property to the person, to whom he had stated in his return, that it belonged. The court could not have determined, that the property belonged to Samuel Stewart and not to his co-defendant, the plaintiff in this suit. We have over and over again decided, that a court could not determine matters between co-defendants, when they were in no manner involved in the pleadings between the plaintiff and the defendants. *Vance* v. *Evans*, 11 W. Va. 342. As a necessary consequence of this we have decided, that, when the plaintiff's bill is dismissed, there can be no decree between co-defendants. *Hereford* v. *Coal Co.*, 22 W. Va. 70, pt. 3 of Syll. As the Court could not in the chancery cause named in the notice have decided, to whom the property levied on belonged, as the bill was dismissed, and the plaintiff in the suit had no opportunity to have the judgment of the court thereon, it cannot therefore be as to her *res adjudicata*. *McCoy* v. *McCoy*, 29 W. Va. 794. But in fact the court did not by its order in the chancery-suit as stated in the notice pretend to express any judgment as to whose property this was. It simply ordered it to be returned by the sheriff to the person, from whom his return said he obtained it.

The next objection to the notice is, that there was a fatal blending of demands. No action would lie, in which there could be made a demand for the value of the wheat, oats and corn-fodder not returned by the sheriff, as he was ordered, and also for the damage done to the corn, while in his lawful possession, but which he did not return as ordered. I do not see any reason, why both these matters might not have been embraced in a suit brought on the sheriff's bond, under different allegations of breaches of the conditions of his bond, nor why in an action of trespass on the case there might not be one count for the conversion of the oats, wheat and corn-fodder, a count in trover, and another count for the damages done to the corn while in the legal possession of the sheriff. For this reason there is no defect in this notice by misjoining demands. I will say, however, without hav-

ing given the point a thorough consideration, that, if the premises of the counsel for the defendants in error were correct on this point, I think, their conclusion would be incorrect; for, as I understand the conclusion of the statute, viz., that the plaintiff may have judgment for such sum, as he is entitled by virtue of such bond to recover by action, it means simply, that he may on his motion recover whatever sum, he may have a legal demand for, as distinguished from an equitable demand. The statute does not speak of his recovering on this motion, what he might recover in *an* action, but what he might recover by *action*, that is, what he has a legal demand for, though he might have to resort to more than one suit at law to enforce his demand. This construction, it seems to me, does not violate the letter of the statute and does accord with its spirit. But it is unnecessary to decide this point in this case, as I see no difficulty in uniting the two demands in this case arising out of the same transaction in one common-law suit either on the bond or in an action of trespass on the case against the sheriff, as I have stated above.

It is objected finally, that the notice does not state, that the plaintiff was the sole owner of the wheat, oats and corn, but the language used in the notice would bear the construction, that she owned only an undivided interest in this property, not stating its amount. I do not think this a reasonable construction of the language used in the notice. If it was ambiguous when first used, it was made clear by the claim of the value of the wheat, oats and corn-fodder, as if it all belonged to the plaintiff. That she so claims in her notice, I think is sufficiently clear to show plainly, what her demand was; and the defendant could not make a mistake as to the extent of her demand, and this, as I have shown, is all that is required in such a notice.

For these reasons I am of opinion, that the court below in its order of November 2, 1885, erred in sustaining the motion of the defendants to quash this notice and in giving the defendants costs against the plaintiff, as I can see no fatal defect in the notice; and none has been pointed out. This order must therefore be reversed, set aside and annulled; the plaintiff in error must recover of the defendants in error

her costs in this Court expended; and this Court must render a judgment against the defendants overruling their motion to quash the plaintiff's notice; and this cause must be remanded to the Circuit Court of Hancock county to be further proceeded with according to the principles governing courts of law.

REVERSED.   REMANDED.