## PLATT *v.* MANNING.

*(Circuit Court, S. D. New York. May 7, 1888.)*

COURTS—JURISDICTION BY CONSENT—AMOUNT IN CONTROVERSY.

Defendant in a suit involving less than $2,000 was served with summons February 2, 1887, by an unauthorized person. He appeared generally on February 23, 1887, and subsequently answered. *Held,* that the appearance cured the defect in service, and gave the court jurisdiction, and therefore the case was not affected by act Cong. March 3, 1887, increasing the jurisdictional amount to $2,000.

At Law. Motion by defendant for a new trial.

This is an action by Jonas H. Platt against Jerome F. Manning upon a promissory note given to the plaintiff for services rendered, and also to recover a small balance due upon a check drawn by the defendant. On the 24th of January, 1887, the clerk of this court issued a summons in the usual form. On the 2d of February, 1887, the summons and complaint were served on the defendant by an individual who was neither the marshal nor the marshal's deputy. On the 23d of February, 1887, the defendant appeared generally in the action by an attorney, and obtained an extension of time to answer. The answer was served by the same attorney on or about the 12th of March, 1887. The action was tried at the February circuit, 1888. The defendant having failed to prove a defense upon the merits, the court directed a verdict for the plaintiff in the sum of $650. The defendant thereupon moved for a new trial upon the minutes of the court, and upon exceptions. Pending this motion a stay was granted.

*Henry D. Hotchkiss* and *William S. Maddox,* for plaintiff.

*Jerome F. Manning, pro se.*

COXE, J. As the defendant does not move upon a bill of exceptions, or even upon the minutes of the stenographer, nothing is before the court but the pleadings and a statement of fact relating to the question of jurisdiction. The defendant is not in a position, therefore, to review the proceedings upon the trial. But, as the arguments there presented are again asserted in the brief, it may be proper to say that, as the evidence is now recalled, the defendant entirely failed to establish a defense. The testimony was overwhelming, and hardly disputed, that the plaintiff rendered services for the defendant, or at his request, for which the defendant agreed to pay; that a note was given for these services, the note in suit being a renewal, with interest added. The plaintiff never knew any one but the defendant in the transaction; and the fact that the latter expected to collect the money from his clients is, of course, immaterial. The theory that the note was an accommodation note was wholly against the weight of evidence. As there was no material question of fact in the dispute, and as the plaintiff was entitled to recover when the defense rested, it was the duty of the court to direct a verdict in his favor.

The only question which can properly be examined is the question of jurisdiction. It is urged by the defendant that because the amount involved is less than $2,000 the court should dismiss the cause under the provision of the act of March 3, 1887. Section 6 provides "that this act shall not affect the jurisdiction over or disposition of any suit * * * commenced in any court of the United States before the passage thereof." The defendant argues that the suit was not commenced prior to the act, because the service by a person other than the marshal, or his deputy, was irregular and void. The plaintiff concedes that the service was irregular, but insists that the defect was cured by the general appearance of the defendant on the 23d of February, nine days prior to the passage of the act. In this contention the plaintiff is clearly correct. *Knox* v. *Summers*, 3 Cranch, 496; *Eldred* v. *Bank*, 17 Wall. 545, 551; *Farrar* v. *U. S.*, 3 Pet. 459; *Attorney General* v. *Insurance Co.*, 77 N. Y. 272; *Gracie* v. *Palmer*, 8 Wheat. 699; *Pollard* v. *Dwight*, 4 Cranch, 421; *Segee* v. *Thomas*, 3 Blatchf. 11. The office of a summons is to bring the defendant into court. He may come in voluntarily if he chooses, and, having done so, and having pleaded to the merits, he is not at liberty to dispute the jurisdiction of the court because not regularly served with process. The defendant consented to try his cause in this court at a time when the court had jurisdiction, and he cannot now be permitted to withdraw that consent. The court is clearly of the opinion that the suit, being in existence prior to the act of March 3, 1887, is in no way affected by its terms, and also that no error was committed on the trial in directing a verdict for the plaintiff. The motion for a new trial is denied.

Affidavits have been submitted which seem to suggest that other testimony might have been produced at the trial. These have not been considered, because no motion for a new trial on the ground of newly-discovered evidence is before the court.