### THE HAMBURG.

### LAWRENCE TRANSP. CO. v. UNITED STATES.

(District Court, S. D. New York. May 19, 1924.)

1. **Admiralty** ⊜**8—On libel against United States for collision, court may determine whether vessel was public or merchant vessel.**

Libel against United States for collision is within jurisdiction of United States admiralty court, and it has full authority to determine whether libelee's vessel was public or merchant vessel.

2. **United States** ⊜**125—Held not liable under statute for collision.**

Vessel owned by United States, employed as training ship for apprentices for transport service for maintaining supplies and equipment of American troops abroad, and for merchant vessels operated by United States Shipping Board, *held* to be public vessel, and United States was not liable for collision, under Act March 9, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼*l*).

3. **Admiralty** ⊜**65—Objection that libel against United States failed to allege vessel was merchant vessel should be raised by exception.**

Objection that libel in rem against United States, under Act March 9, 1920, § 3 (Comp. St. Ann. Supp. 1923, § 1251¼b), did not specifically state that government's vessel was merchant vessel, should have been raised by exception.

4. **United States** ⊜**140—Libel against United States held necessarily to imply vessel was merchant vessel.**

Libel against United States for collision, alleging that libelant sued in rem under Act March 9, 1920, § 3 (Comp. St. Ann. Supp. 1923, § 1251¼b), wherein United States assumed liability for its merchant vessels, *held* to necessarily imply that vessel was merchant vessel, and objection that libel did not specifically state that it was merchant vessel could not be sustained.

In Admiralty. Libel by the Lawrence Transportation Company, owner of the barge Hamburg, against the United States. Libel dismissed.

Park, Mattison & Lynch and Frank P. Treanor, Jr., all of New York City, for libelant.

William Hayward, U. S. Atty., and George A. Washington, both of New York City, for the United States.

WARD, Circuit Judge. March 5, 1921, this libel was filed to recover damages resulting from a collision between the barge Hamburg and the steamer Governor Cobb December 10, 1918. The fifth article contained the usual allegation:

"All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this honorable court."

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

August 15 the answer was filed, and its sixth article reads:

"It admits that the premises are within the admiralty and maritime jurisdiction of the United States and of this honorable court, but denies that all and singular they are true."

April 6, 1924, at the trial, counsel for the United States moved to dismiss the libel on the ground that the court had no jurisdiction over the subject-matter, decision being reserved. April 18, after the trial, he moved to amend his answer, so as to conform to the proof, by striking out article sixth of the said answer and substituting the following:

"Sixth. It denies the allegations contained in article, sixth of the said libel,"

—and by adding to the said answer the following:

"Further answering said libel, and as a separate defense herein, United States of America alleges, upon information and belief, as follows:

"Eighth. That the steamship Governor Cobb was not on December 10, 1918, or at any other time mentioned in the libel, employed as a merchant vessel, but was, on December 10, 1918, in the possession and control of the United States of America, employed as a public vessel in the United States Shipping Board recruiting service, training apprentice seamen, and that this honorable court has not jurisdiction of the subject-matter of this cause of action."

[1] The cause of action, being for collision, is obviously within the jurisdiction of the United States and of the court, and the court has full authority to decide whether the Governor Cobb was a public vessel or a merchant vessel. The motion to dismiss is therefore denied, and the motion to amend the answer is granted.

[2] Although actual hostilities ceased on and after the Armistice, November 11, 1918, peace was not declared between Germany and the United States for many months afterwards. During this time our troops abroad were not returned, so that there was a necessity to use government transports for maintaining their supplies and equipment abroad, and ultimately for returning them with their equipment to this country. The proof is that the government employed the Governor Cobb for a training ship for apprentices, of whom there were about 500 aboard at the time of the collision. After six weeks' training an apprentice was transferred to a station ship, from which he went, as required, either into the United States transport service or to vessels operated by the United States Shipping Board Emergency Fleet Corporation as merchant vessels. This was the nature of the employment of the Governor Cobb at the time in question.

Admitting for the purpose of argument that a vessel used to supply apprentices to United States merchant vessels only would be herself a merchant vessel, no vessel can at the same time be a public vessel because she supplies apprentices to United States transports and a merchant vessel because she supplies apprentices to United States merchant vessels. I think the service of the government is paramount, and in such a case she must be regarded as a public vessel. Judge Waddill so held in the United States District Court for the Eastern District of Virginia, without any reported opinion, in Jones v. Steamship Minnesota, March 23, 1920.

The respondent also relies upon the case of The Barendrecht (D. C.) 286 Fed. 386, in which it was held that suits can only be maintained

against the United States when it has consented to be sued, and that no officer or department of the United States can waive the sovereign prerogative. The libelant relies upon cases in which a foreign sovereign or a quasi sovereign having entered a general appearance of record was held to have waived the exemption. But the law as to them is quite different. The proposed amendment, however, does not raise this question, and if the Governor Cobb is to be regarded as a merchant vessel, the United States has consented to be sued in the Suits in Admiralty Act of March 9, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼*l*) upon the conditions therein prescribed. The case of Farrar v. United States, 3 Pet. 459, 7 L. Ed. 741, on which the libelant also relies, did not involve a claim of exemption from suit, but only an objection to an irregularity in the return date of the citation, which the court held was waived by the general appearance of the Attorney General.

[3, 4] The objection that the libel does not specifically state that the Governor Cobb was employed as a merchant vessel should have been raised by exception, as it was in the authorities cited by the respondent. However, it is necessarily implied in the fifth article of the libel, which reads:

"Fifth. Libelant elects to have this suit proceed in accordance with the principles of libels in rem, as provided in section 3 of the Act of Congress authorizing suits against the United States in admiralty, approved March 9, 1920."

Finally, the amendment to the answer raises the question whether the vessel was a public or a merchant vessel. Under the case of The Western Maid, 257 U. S. 419, 42 Sup. Ct. 159, 66 L. Ed. 299, the Governor Cobb being a public vessel at the time of the collision, the libel is dismissed, but, because the objection was not made until after the trial, without costs.