KUYKENDALL & SHERRARD *vs.* GIPSON RUCKMAN *et al.*

July Term, 1867.

1. On a plea of *non est factum*, by several defendants, to a joint and several obligation, where the signature of one of the defendants is proven, it is proper to permit such proof to go to the jury as against such defendant, but not as to the others.

2. The appellate court will presume that the court below acted properly in rendering a judgment upon the verdict of the jury, unless it appear by bill of exceptions in which the evidence in the cause is set forth, that the same should have been set aside and a new trial granted; or in a bill of exceptions to the instructions given or refused, in which the material facts proven appear; or on motion in arrest of judgment.

3. An obligation to pay money "on demand," is evidence of a present debt, and bears interest from its date.

*Kuykendall & Sherrard,* merchants, brought an action of debt in the circuit court of *Hampshire* county, for two hundred and thirty-nine dollars and fifty-six cents, against *Gipson Ruckman, Matthew Combs,* and *Joseph Haines.* The declaration was filed at the February rules, 1866, and averred that the defendants had, on the 15th day of January, 1861, by their single bill, sealed with their seals, promised to pay the plaintiffs, jointly and severally, on demand, the sum above mentioned. The defendants at the May term, 1866, pleaded *non est factum,* and one of the defendants, *Gipson Ruckman,* made oath to the plea. The cause was heard at the September term, 1866, and a verdict rendered for the

*See page 187.

plaintiffs for the amount of the bond, with interest from January 15th, 1861.

On the trial of the cause the plaintiffs proved the signature of *Gipson Ruckman* alone, and then offered in evidence the bond in controversy, without having proved the signatures of the defendants *Combs* and *Haines.* The defendants objected to this introduction, but the court overruled the objection, and the defendants excepted.

The defendants introduced evidence tending to show that when the bond in controversy was signed by them, and left in the hands of one of the plaintiffs, it was with the understanding that others who were jointly liable for the debt originally, should also execute it, so as to become jointly liable with the defendants; and thereupon moved the court to instruct the jury that, if it believed from the evidence that if anything further was to be done to complete the bond according to an understanding between the plaintiffs and defendants, that it was not the contract of defendants; also that, although one of the plaintiffs may have held the bond, yet if the jury believed from the evidence that it was so held with the understanding that others were to sign the bond, that such holding did not constitute such a delivery as alone to entitle the plaintiffs to sue on it; and that if the jury believed from the evidence that the bond was signed by the defendants under an agreement or understanding between plaintiffs and defendants that others were to sign it, together with the defendants, that then the bond was not perfect and was not such as to enable the plaintiffs to recover. The court refused to give the instructions asked for by the defendants, but instructed the jury that, if from the evidence they believed that when the defendants executed the bond it was agreed between them and one of the plaintiffs that other parties were to sign the bond before it was binding on them, (the defendants in this action), they should find for the defendants. The defendants excepted to the ruling of the court on the instructions.

The cause came to this court on a writ of supersedeas granted by one of the judges in vacation.

*Stanton & Allison* for the plaintiffs in error.

This action below was upon a sealed bill, alleged to have been executed by the three defendants.

The defendants pleaded *non est factum,* and annexed to their plea an affidavit of *Gipson Ruckman,* one of the defendants, that the plea was true.

Under the plea and verification the court below decided that the plaintiffs below were not required to prove the execution by the defendants *Combs* and *Haines,* and no proof was offered as to their signatures. This is the first error assigned.

Section 37, chap. 171 Code 1860, page 713, declares: "No plea in abatement, or plea of *non est factum,* shall be *received* unless it be verified by *oath.*"

The plea was certainly verified by oath—one of the parties swearing it was not *their* deed—and on this issue was joined. The statute does not require the oath of all the defendants or obligors, but simply that it shall be verified by oath. Who can say that this plea was not so verified? If *Ruckman* had filed a separate plea for himself, and annexed thereto his verification, the ruling of the court might be sustained, but all the defendants joined in the plea, and it was only necessary to annex an affidavit of its truth. It is not required even that this should be done by one of the defendants, but the statute would be complied with, if it were verified by an agent or other person. If the affidavit of all the parties is required the plea should not have been *received,* but the party making the affidavit should have been required to tender his separate plea.

By the common law rules of evidence the plaintiff was required to prove all the signatures, upon the general issue. The object of the statute was simply to require an oath from some person verifying the plea so as to give some security against its being vexatious or frivolous. See *Shepherd, Hunter & Co.* vs. *Frys,* 3 Gratt., 442; *Kelley* vs. *Paul,* 3 Gratt., 191; and the act of February 5th, 1828 there cited, which is the origin of sec. 38 of chap. 171, which also requires "an affidavit" with the plea putting the signature in issue.

It will be seen that the act of 1828 dispensed with proof of the handwriting, "unless the defendant or *some other person shall make affidavit* to be filed with the plea, that the note, &c., was not made by the person charged therewith." This shows the intention of the Code of 1860, to be simply to require an *affidavit.* See sections 37, 38, 39 and 40 Code; and see also *Phanys et al.* vs. *Stratton,* 9 Gratt., 616, decided since the act of February 5th, 1828, was changed to the form now found in the Code of 1860, where the court decide that proof of the handwriting of the defendants was not required, because there was no affidavit by the *defendants, or any of them,* putting the execution of the note in issue.

An affidavit to a plea of *non est factum,* that the plea is true, "according to the best of the affiant's knowledge and belief," is sufficiently verified. *Jackson* vs. *Webster,* 6 Munford, 462.

On a plea of *non assumpsit* to a declaration against the drawer of an order or draft, the plea not verified by affidavit, it is necessary to prove the handwriting of the drawer. *Kelley* vs. *Paul,* 3 Gratt., 191.

"When money is payable on demand, and there is no contract or usage requiring it, and the defendant is not a wrong-doer, in acquiring or detaining it, interest is only to be computed from the service of the writ." *Hunt* vs. *Keenes,* 15 Pickering, 500, 505.

"If money is due now, but is not payable until some act of the promissee, as if payable on demand, then that act must take place before any claim for interest can accrue." 2 Parsons on Contracts, 381.

On a note or bill payable on demand, interest is recoverable from the time of the demand. Chitty on Bills, page 664; 2 Stackin, 787.

A penal bill, payable on demand, carries interest from the time of demand. *Vaughn* vs. *Goode,* 1 Minor Ala. R., 387.

Upon a note payable at a certain day, with interest from date, the plaintiff is not entitled to interest from date, unless it is demanded in the declaration. *Hubbard* vs. *Blom,* 1 Wash., 70.

If the plea was sufficiently verified to put the plaintiff on proof of the execution of the note, we suppose there can be no escape from the reversal of the judgment. If the handwriting of one of the defendants was proved, and the bond was admissible against him, yet the record shows that the jury found against the other defendants without any evidence, and the court rendered judgment on the verdict. And we suppose that where upon issue joined, the jury find a verdict and the court renders judgment upon it, and the record shows that there was *no evidence at all against the party*, that the judgment must be reversed. It is no matter how it is made to appear from the record that there was no evidence.

Ordinarily it would not appear without a motion for a new trial overruled, and a bill of exceptions setting out the facts proved on the trial. But here there was no necessity for any such motion. The declaration contains but a single count, which is on the bond. There are no common counts. The bill of exceptions shows that there was no proof of the execution of the bond by two of the defendants. No other proof would have been competent or admissible.

It is therefore shown conclusively that the verdict and judgment against these two defendants are without any evidence to support them. The error would have been no more palpable or apparent if a motion for a new trial had been made and overruled.

Where it has been held that a motion for a new trial must be made and overruled, to entitle the party to a reversal because the verdict was not supported by the evidence, it has been upon the ground that without it, the facts proved on the trial would not appear from the record.

Here there is no such necessity, and the rule does not apply.

*C. Boggess* for defendants in error.

BROWN, President.

This was an action of debt on a bond payable on demand, against three obligors, who pleaded *non est factum*. The plaintiffs in the court below, after proving the signature of

one of the obligors to the said bond, but without having proved the signatures of the other two obligors, offered the bond in evidence to the jury, to which the defendants by their counsel objected, but the objection was overruled by the court and the bond permitted to go as evidence to the jury. To this ruling of the court the objectors excepted and now assign the same for error in the appellate court.

The bond was a joint and several obligation, and had the obligor Ruckman, whose signature had been proved, been sued alone, a recovery might have been had against him on the evidence adduced, and since by the statute, Code 1860, chap. 177, sec. 19, a like recovery might have been had against the same obligor in this action, upon the same evidence, it was proper to permit the evidence to go to the jury for that purpose, and would have been error in the court to have excluded it from the jury as required by the defendants in the court below.

Had the court been asked to instruct the jury that the said bond, so proved against one, and not against the other obligors, was only evidence against the one and not against the others, it would certainly have been the duty of the court to have done so. But no such instruction having been asked, no objection can be raised on that account to the failure of the court to do what it was not asked to do. But the counsel for the plaintiffs in error, confidently asks, that, " although there was no error in allowing the note to go in evidence to the jury because it was evidence against Ruckman, yet how can it be claimed that there was no error in the verdict of the jury and the judgment of the court against the other defendants, when the record shows that there was no evidence against them on the only cause of action set out in the declaration?" The answer is:

*First.* That the record only shows that the signature of Ruckman being proved, the note was offered in evidence, without *proving the signatures* of Combs and Haines, *non constat,* but that it was proved before the jury, to have been executed by the attorney in fact of Combs and Haines in their names, or by Ruckman for them, and in their names,

in their presence, and by their consent, or by any one else so in their presence, and by their request, or that they afterwards acknowledged the said note to be their act and deed.

*Second.* The bill of exceptions does not undertake to set out all the evidence in the cause, or all the facts proved, but only enough to show the pertinency of the objector to the admission of the note as evidence at the time it was offered. But *non constat*, that afterwards in the course of the trial, the *signatures* even of the parties, were not proved.

*Third.* No motion was made for a new trial, and the verdict will not, in the appellate court, be presumed to be without evidence, but the party must be taken to have acquiesced in it.

*Fourth.* No motion was made in arrest of judgment in the court below, upon the ground that the verdict was without evidence as to the said Combs and Haines, a fact which that court might have known, but this court cannot from the record as it appears here.

It would be novel indeed for an appellate court to reverse a judgment and set aside a verdict admitted to be right as against one of three defendants, as not warranted by the evidence as against the other two, when the record did not pretend to show all the evidence in the cause, and without a motion for a new trial, or a motion in arrest of judgment in the court below.

Another objection is taken to the verdict and judgment of the court below, viz: That as the bond was payable on demand, it was not due till after demand, and that while the suit was demand, yet interest could not be given till demand, and as no other demand was shown than the suit, interest could not be allowed earlier than the date of the suit. But the doctrine is now too well settled, otherwise to be disturbed. See 6 Rand., 101, *Payne* vs. *Britton*; and 2 Bibb., 99, *Cotton* vs. *Reavill.* In the former case, Judge Green said: "But an obligation to pay money on demand is evidence of a present debt payable *instanter*, and the writ is a demand, which entitles the plaintiff to the penalty. The interest is allowed, not because the penalty is forfeited, but

because the debt was, from the beginning, due and payable. However refined the doctrine may be, that the institution of the action is a demand which entitles the party to sue, it is so convenient and just, and so settled by authority, that I yield a ready assent to it."

The instructions given by the court embraced substantially the instruction asked by the defendants in the court below. I think, therefore, that there was no error in the judgment of the court below, and the same ought to be affirmed.

Judge Maxwell concurred.

JUDGMENT AFFIRMED.