# WHEELING.

BOARD OF EDUCATION OF LICKING DISTRICT OF TUCKER COUNTY *v*. PARSONS *et al*.

Submitted June 19, 1883—Decided November 17, 1883.

A notice to an *ex-sheriff* and his sureties of a motion to recover money, which he as sheriff had collected on the school-levies, which does not show on its face, that the Board of Education, which was entitled to the money, had ordered him to pay such money to his successor, the present sheriff and *ex officio* treasurer, and of which he had notice, is fatally defective.

The facts of the case fully appear in the opinion of the Court.

*P. Lipscomb* and *W. B. Maxwell* for plaintiff in error.

*A. B. Parsons* for defendant in error.

JOHNSON, PRESIDENT:

The plaintiff gave the defendant, Ward Parsons, late sheriff of Tucker county, and S. B. Walmsey and S. W. Brown, his sureties, notice of a motion to recover two hundred and eighteen dollars and two cents with interest and damages for failure to pay over to his successor that amount of the "teachers-fund" belonging to the plaintiff, which he had collected of the school-levies for Licking district in said county. The notice is in the same form as in the two preceding cases (pp. 308 and 314 *supra*) with this very important difference, that the notice in this case omits the following allegation, which is contained in the notices in the preceding cases, to-wit: "And we having entered an order upon our order-book on the — day of — 188–, and caused a copy of said order so entered by us to be delivered to you, whereby you were directed to pay the amount in your hands due said district to A. C. Minear, present sheriff and *ex officio* treasurer of said county and the several districts therein."

In the two preceding cases we held, that it is the duty of an *ex-sheriff*, who has in his hands moneys belonging to the Board of Education of a district in the county upon the demand

of said board by an order made and signed by its president and secretary and delivered to him requiring him to pay such moneys to the present sheriff and treasurer to pay the same unless he has legal grounds for refusing so to do.   We said in the first of said cases that it is the duty of a sheriff, after his term has ended, and a settlement has been made with him, and he found indebted to a Board of Education for school moneys, upon the order of the board, to whose credit it stands, to pay the same to the then sheriff, who is the treasurer of the district.   It is right and proper, that such demand should be made upon such *ex-sheriff* in this or some other appropriate manner, and the ex-sheriff notified thereof so that the board will keep a proper record thereof, and that the sheriff may have a proper demand made upon him to pay the same.   No such order and no such demand nor any order or demand, as far as the notice shows, was made in this case. The notice was fatally defective for this reason; and the court upon motion properly quashed it.

The judgment of the circuit court of Tucker county quashing said notice at the cost of the plaintiff is affirmed with costs and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.