UNITED STATES *v.* POULSON.[2]

*(District Court, E. D. Pennsylvania.* March 18, 1887.)

PENSIONS—AGENT'S BOND—SURETIES—INTEREST.
In an action by the United States against a surety on an official bond, where no demand had been made upon the surety to make good his principal's default, interest will be charged only from the day of service of the writ.

*Sur* Rule for a New Trial.
This was an action brought by the United States against John G. Poulson, a surety on the official bond of F. F. Burmeister, who was pension agent at Philadelphia from February, 1867, to May, 1869.    The bond was joint and several, and was dated March 13, 1867.    Burmeister's last monthly statement showed a balance due him by the United States of $4,531.26.    No demand was made upon the surety to make good his principal's default prior to the issuing of the writ, in the latter part of 1886.    The jury returned a verdict for the United States for $13,006.27, with 17 years' interest, making together $26,656.27, whereupon the de-

---

[1]Reported by Edward G. Benedict, Esq., of the New York bar.
[2]Reported by C. B. Taylor, Esq., of the Philadelphia bar.

fendant moved for a new trial, and assigned, *inter alia*, the following reason: " Because the learned judge refused to affirm the second point of the defendant, viz., that, if the jury believe that no notice had been given to the defendant (surety) until a short time prior to bringing suit, no interest should be charged against the sureties."

*George K. Cross*, for the rule.

In the matter of interest found by the jury, under the direction of the court, it is admitted that it is excessive, and should have been computed from September 14, 1886, the day of service of the writ of summons in this case, and the first notice of the surety of the settlement of the account of his principal, and on this ground alone a new trial should be awarded or a *remittitur* filed. Where verdict is received or rendered on insufficient evidence, the remedy is a motion for a new trial. *The City* v. *Babcock*, 3 Wall. 240. As in the matter of interest, it is due only on the ascertained balance of an account from the time of a demand for payment. It is not due as of course upon an account current, or an unliquidated debt. *Crawford* v. *Willing*, 4 Dallas, 286.

*John K. Valentine*, U. S. Dist. Atty., *contra.*

BUTLER, J. On hearing the rule for new trial, the question was raised, for the first time in the case, whether the plaintiff was entitled to interest, under the pleadings and evidence, prior to service of the writ. Notwithstanding the late hour at which the question was raised, I consider it just, under all the circumstances, that the court should consider it, as if made on the trial. The case seems to be undistinguishable from *U. S.* v. *Curtis*, 100 U. S. 119. No demand had ever been made on the principal prior to the service of the writ. The interest should be calculated from that period only. If the plaintiff will sign and put on the record a relinquishment of the excessive interest embraced in the verdict, judgment may be entered for the balance, all other exceptions being dismissed. If such relinquishment be not filed within 15 days, the rule for new trial will be made absolute.