# CHARLESTON

## State v. Keadle.

Submitted February 18, 1908.    Decided February 25, 1908.

1. WRIT OF ERROR—*Review—Exceptions to Judgment,*
    A judgment pronounced on motion to quash a notice for judgment against a sheriff and the sureties on his official bond may be reviewed here, although there be no exception to such judgment in the lower court. (p. 646.)

2. JUDGMENT—*Notice—Sufficiency.*
    Such notice, under the liberal rules relating thereto, is not defective because the facts are recited under a *quod cum* or "whereas," rather than by positive and direct averment. (p. 646.)

3. SAME.
    Such a notice of motion for judgment against an ex-sheriff and the sureties on his bond, which fail to allege or recite that such ex-sheriff had notice of the order of the county court requiring him to pay over to his successor the balance found in his hands for which judgment is sought, or that such order, after being signed by the president and clerk of the county court, .was presented to him and demand made upon him for payment, is fatally defective and should be quashed on motion. (p. 647.)

4. SHERIFFS—*Settlement with Successor.*
    An ex-sheriff is not chargeable with interest on balance found due from him, except from the date of a proper demand made upon him for payment thereof to his successor in office. (p. 649.)

Error to Circuit Court, Mingo County.

Action by the State, for the use of the county of Mingo, against N. J. Keadle and others. Judgment for plaintiff, and defendant J. E. Peck and others bring error.

*Reversed.*

CAMPBELL, HEFFLEY & DAVIS and H. K. SHUMATE, for plaintiffs in error.

C. H. JONES, for defendant in error.

MILLER, JUDGE:

The State, for the use of the county court of Mingo county, on August 7, 1905, proceeded in the circuit court

against N. J. Keadle, ex-sheriff of said county, and the sureties on his official bond, by notice .of a motion for judgment for $6,205.15—being $6,157.10 with which the Norfolk & Western Railway Company was assessed for the taxes of 1899 and $48.05 with which the Pullman Palace Car Company was assessed for said year—which had in legal effect been paid to said Keadle and not accounted for or paid over by him to his successor in office. This proceeding is a sequal to that by *mandamus* of *Taylor* v. *LaFollette*, 49 W. Va. 478, brought by Taylor, successor of said Keadle as sheriff, to require LaFollette auditor, to pay over to the plaintiff therein the above sums, shown to have been received by him during Keadle's term of office, which Keadle prior to his removal from office had directed the auditor to apply in satisfaction of his liability to the State for taxes collected and not paid over for 1899.

Upon the trial by the court in lieu of a jury, the motion of the defendants to quash said notice was overruled, and the court found for the plaintiff the sum of $7,910.56 with interest and costs, and gave judgment therefor against the defendants; and the motion to set aside said finding and award a new trial was overruled.

The defendants undertook by a skeleton bill of exceptions to save upon the record the benefit of sundry objections to the rulings of the court; but the plaintiff here challenges its sufficiency for want of proper identification of the evidence inserted therein; and the defendants have undertaken, by *ex parte* affidavits filed in this Court, to supply whatever deficiency there may be in the bill of exceptions. Prior decisions of this Court would require us to hold this bill of exceptions insufficient, and that it could not be aided or the defects supplied by such affidavits; but the conclusion to which we have come respecting the case renders unnecessary further ruling upon the bill of exceptions. Our conclusion is that the notice—which we must treat, though with the liberality required, as a pleading—is fatally defective. *Anderson* v. *Prince*, 60 W. Va. 557, 560. The error in overruling the motion to quash said notice, equivalent to a demurrer thereto, was saved to the defendants by the final judgment.

It is claimed, however, that, because there was no bill of

exceptions; or exception to the ruling upon the motion to quash, the error, if any, was waived by the defendants; that the record should in some way show an exception to this ruling. Counsel rely on *Shank* v. *Ravenswood*, 43 W. Va. 242, and *Quesensberry* v. *People*, 44 W. Va. 512, as disapproving *Brown* v. *Brown*, 29 W. Va. 778, and *Spence* v. *Robinson*, 35 W. Va. 315. We do not understand these cases as affirming the proposition that it is necessary that the record should show an exception to the ruling upon a motion to quash or a demurrer to a declaration or bill. *Quesenberry* v. *People*, held that "if a plea is rejected, and neither bill of exception nor an exception on the record appears, the plea will not be considered in this Court." Prior decisions are there considered which have given construction to section 9, chapter 131, Code, providing that "any party may avail himself of any error appearing on the record, by which he is prejudiced, without exception thereto." But Judge Brannon says in that case that "where a plea or replication is allowed a mere objection to the plea, shown of record, will give the other party the benefit of error in its admission." He further says: "The doctrine above mentioned was carried so far in *Hart* v. *Railroad Co.*, 3 W. Va. 336, that a party lost the benefit of the striking out of a plea before admitted, which I regard as erroneous. That plea was already a part of the record, and we might almost as well say that error in sustaining a demurrer to a declaration requires an exception. In *Hamlin* v. *Reynolds*, 22 Ill. 207, it was decided that, "in order to review a case in the supreme court on a judgment pronounced upon demurrer, an exception to such judgment is unnecessary; nor need it be preserved in a bill of exceptions;" and on this subject Judge Walker in that case said: "It is believed that no reported case can be found, either in Great Britain or this country, in which it has been held that it is necessary to except to the judgment on demurrer to enable the party to have the decision reviewed in an appellate court."

The first point presented upon the motion to quash is that the matters of fact are recited under a *quod cum*, and not by positive and direct averment. But we do not think this point well founded. In *Board* v. *Parsons*, 22 W. Va. 308, a similar proceeding, the notice, there held good on motion to

quash, also recited the facts under a " whereas", the reason for such indulgence in pleading by notice being fully set forth in the opinion by JUDGE JOHNSON.

The second ground of the motion, covering the fatal defect, is that although it is set forth in the notice that Keadle was justly indebted to the county court in sums aforesaid, and that said court by an order entered of record directed him to pay over said sums to his successor, which he had refused to do, nevertheless it is not alleged or recited that said Keadle had any notice of such order, or that the same was signed by the president and clerk of the county court and presented to said Keadle and demand made upon him for payment. In *Board* v. *Parsons, supra,* the notice averred all these essential matters. In *Board* v. *Parsons,* 22 W. Va. 580, in which a similar notice was involved and reliance was made by the plaintiff upon the previous case, this Court said: "It is right and proper that such demand should be made upon such ex-sheriff in this or some other appropriate manner, and the ex-sheriff notified thereof, so that the board will keep a proper record thereof, and that the sheriff may have a proper demand made upon him to pay the same. No such order and no such demand, nor any order or demand, so far as the notice shows, was made in this case. The notice was fatally defective for this reason; and the court upon motion properly quashed it." Following these cases of *Board* v. *Parsons,* it was said in *State* v. *Hays,* 30 W. Va. 117: "Until such order or some other order has been made by the county court, signed by its president and clerk, directing such outgoing ʿor ex-sheriff to pay the money in his hands to his successor in office or to some other person, and notice thereof given him, such outgoing or ex-sheriff has not made default in not paying over said money, for he is entitled to such order to authorize him to pay over the money to his successor in office, and to protect him in so doing; and until such order has been made and notice thereof given to him, no action can be maintained against him for failing to pay over such money." This rule seems technical; but it covers a substantial right of the officer and his sureties, and seems covered by intendment of the statute, sections 34-38. chapter 39, Code.

The cases of *Board* v. *Parsons, supra,* were suits by

boards of education against ex-sheriffs. Our statute, section 52, chapter 45, Code, covering settlement by a retiring sheriff of school moneys collected and disposition of any balance found against him, among other things provides that "the retiring sheriff shall, within sixty days after he shall have made his final settlement in the manner herein provided, pay and turn over to his successor in office such balances as may be shown due from him at such settlements upon such order as is prescribed by section 46 of this chapter, and if he fails to do so he shall be liable to the forfeit and penalty prescribed." Section 46 provides that "he shall pay out no money standing to the credit of the board of education, except upon an order, signed by the president and secretary thereof, specifying the sum to be paid and the fund to which it is to be charged," etc. While these provisions are somewhat more specific than the . provisions of chapter 39 relating to county funds, yet in *State* v. *Hays. supra*, the Court says: "The duties of the sheriff, as treasurer of the county, in respect to all moneys collected by him for the use of the county, are precisely similar, in every material respect, to those imposed upon him in regard to the collection and disbursement of school moneys." This case was a suit against a sheriff for the use of the county, and the same rule with respect to precision in pleading respecting an order of the court upon the sheriff, notice thereof and demand of payment applied in the cases of *Board* v. *Parsons* was applied in that case. The reason for the rule is the same in both cases, and the substantial requirements of the statute are alike in both.

Another point made by the defendants is as to when interest on such demand should begin. This question fairly arises upon the record of the motion and the judgment thereon, and does not require that we should look into the bill of exceptions. It does not clearly appear from this record from what time interest was charged; but in our opinion interest would be chargeable against the sheriff only from the time of demand made upon him for payment. This proposition is supported by abundant authority. *Kuykendall* v. *Ruckman*, 2 W. Va. 332; *Bank* v. *Als*, 5 W. Va. 50; *United States* v. *Curtis*, 100 U. S. 119; *United States* v. *Paulson*, 30 Fed. 231; *United States* v. *Fitzsimmons*, 50 Fed. 384; 22

Cyc. 1547-48 and notes; *Frazier* v. *Little*, (Mich.), 87 Am. Dec. 753. The three United States cases cited were suits upon official bonds, and these and the other authorities cited held that, as a general rule, demands, unless otherwise provided by contract, should bear interest only from the time demand is made or suit brought.

For these reasons we reverse the judgment of the circuit court, and quash the notice.

*Reversed.*