11915. CHRISTOPHER *v.* HINES, director-general, *et al.*

BLOODWORTH, J. The court did not err in sustaining the demurrers to the petition, and dismissing it.

*Judgment affirmed. . Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 12, 1921.

Complaint; from city court of Atlanta — Judge Reid. October 1, 1920.

The action was against the director-general of railroads and the Central of Georgia Railway Company; it being alleged that they were indebted to the plaintiff $577.30, by reason of the following facts: He began work for the railway company as a machinist's assistant or helper on October 1, 1917, and received regular pay of 22 cents per hour. He so continued until February 15, 1919, when he was discharged by defendants without cause or justification, and immediately obtained other employment, in which he is now engaged. About January 1, 1918, the railway company was taken over by the United States government, which has since operated and controlled it by lawful agencies. Plaintiff is entitled to an increase of pay of 23 cents per hour, for what is known as back time from January 1, 1918, until September 15, 1918, making a total of $577.30, " being the raise and back time " to which he is entitled under Supplement No. 4 to General Order No. 27, issued by the director-general of railroads on July 25, 1918, providing that " helpers in the basic trades herein specified will be paid 45 cents per hour;" payment of which has been demanded and refused, and for which he prays judgment.

Each of the defendants demurred on the grounds: that no cause of action appeared; that the agreement to pay an increase for back time for work already done and paid for appeared to be a gratuity without consideration, and not legally enforceable; and that it did not appear what if any amount the plaintiff claimed

to be due for work done after Supplement No. 4 to General Order No. 27 became effective. The railway company demurred on the further ground that no obligation upon it was stated; the court judicially knowing that, during the times when plaintiff claims to have worked, the company was not in possession of or operating its properties, and was not employing any persons working thereon.

*C. J. Moore, T. G. Lewis,* for plaintiff.

*Little, Powell, Smith & Goldstein,* for defendants.