# CHARLESTON.

## F. A. PELLEY *et al.* v. E. W. HIBNER.

Submitted January 23, 1923.   Decided February 20, 1923.

1.   JUDGMENT—MOTION FOR JUDGMENT—NOTICE.

A notice of motion for judgment, under sec. 6, Chap. 121, Code, must indicate with reasonable certainty the nature or basis of the demand or obligation which it is proposed to

reduce to judgment, and that the same is due and owing by the defendant to the plaintiff; and if it does not, a demurrer thereto should be sustained with leave to amend.

Error to Circuit Court, Cabell County.

Action by F. A. Pelley and others against E. W. Hibner. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Deegan Bowman & Taylor,* for plaintiff in error.
*Jean F. Smith,* for defendant in error.

LITZ, JUDGE:

This writ of error was granted defendant to a judgment entered against him in the Circuit Court of Cabell County in favor of plaintiffs, in the sum of $1820.00, on notice for judgment by motion. The notice is as follows:

"STATE OF WEST VIRGINIA,
COUNTY OF CABELL, SS:

"IN THE CIRCUIT COURT THEREOF

"To E. W. Hibner:

"You are hereby notified that we will move the Circuit Court of Cabell County, West Virginia, on the 6th day of January, of 1920, between the hours of nine a. m. and five p. m., of the next term thereof for judgment against you for the sum of $1850.00, with interest thereon from the 1st day of September 1919 to the 6th day of January 1920 and the cost of such motions. The said sum being the balance due and unpaid on the business of the Dixie Automobile House, at 312 Eleventh Street, City of Huntington, for the business, lease and good will. The purchasing price being $2350.00 with a credit of a payment of $500.00 leaving a balance of $1850.00, with interest from the 1st day of September 1919 to the 6th day of January 1920, at which time and place you may attend and show cause against such motions, if any you can. Please take due notice thereof and

govern yourself accordingly under the pain and penalty of the law.

"Very respectfully,.
F. A. PELLEY and EVALYN M. PELLEY,
partners trading as Dixie Automobile House."

"STATE OF WEST VIRGINIA
COUNTY OF CABELL, SS:

"Mrs. Evalyn M. Pelley appears before me, Jean F. Smith a Notary Public in and for the aforesaid County and State and first being duly sworn, deposes and says that there is a balance due unto herself and F. A. Pelley of $1850.00, with interest from the first day of September 1919 to the 6th day of January, 1920, being the sum of $1878.35 and that sum is just and due and unpaid, and that there is no counter claims or offsets against same, and the affiant believes that they are justly entitled to recover the sum of $1878.35.

"MRS. EVALYN M. PELLEY.

"Taken, sworn to and subscribed to before me this the 5th day of December, 1919.    My commission expires on the 29th day of December 1919.

"JEAN F. SMITH, Notary Public."

The demurrer of the defendant to the notice, as being insufficient in law, was overruled. As the evidence is not brought up, the assignment of error predicated upon the action of the circuit court overruling the demurrer is the only question here for determination.

We are not governed by strict rules of pleading in passing upon the sufficiency of such notice, yet the notice should in some way sufficiently inform the defendant of the nature and character of the plaintiffs' claim, and show that it is due and owing the plaintiffs by the defendant.

Testing the notice by this standard, we find that it fails to state that the claim is either due and owing to the plaintiffs, or due and owing by the defendant. Nor is the nature or basis of the demand intelligibly given.

Treating the affidavit as part, and in aid, of the notice,

and assuming that it (affidavit) sufficiently shows the claim to be due and owing the plaintiffs, the notice is yet deficient: (1) in failing to indicate with reasonable certainty the basis of the demand; and (2) in entirely omitting to state that the obligation is that of the defendant.

A notice of a motion for judgment, under authority conferred by section 6 of chapter 121 of the Code, must indicate, with reasonable certainty, that the demand or obligation, which it is proposed to reduce to judgment, is that of the defendant; and, if it does not, the court should quash it on motion, made in proper time. *Anderson* v. *Prince et als,* 60 W. Va. 557.

The rule to view with indulgence such notice as a pleading will not excuse the pleader from stating facts necessary to show a good cause of action against defendant. *Hastings* v. *Grump,* 89 W. Va. 111.

We think the notice clearly insufficient, and that the demurrer thereto should have been sustained. The judgment of the circuit court is therefore reversed, the verdict set aside and the demurrer sustained with leave to amend.

*Reversed and remanded.*