'14486. CLARKE *v.* SOUTHERN RAILWAY COMPANY.

Where the Federal director-general of railroads was operating a railroad when suit was brought against the railroad company for an injury occurring prior to Federal control of the railroad, service upon the railroad company was not effected by service upon a person in the employ of the Federal director-general in the operation of the railroad, though prior to and until the time when the Federal authorities took control of the railroad he was the agent of the railroad company in the county in which the suit as brought, and under the Federal control he continued to perform the same duties.

DECIDED JULY 10, 1923.

Action for damages; from Stephens superior court — Judge J. B. Jones. February 10, 1923.

*R. B. Blackburn,* for plaintiff.

*Charters, Wheeler & Lilly, Fermor Barrett,* for defendant.

LUKE, J. The petition and process in this case were served upon one C. M. Gaston, alleged to be the agent of the defendant — the Southern Railway Company — in charge of the properties of the Southern Railway Company, in the county where the tort sued for is alleged to have been committed. It was alleged in the petition that the injury sued for was sustained prior to the date of Federal control of the railroads, but at the time of the service

of the petition and process the Southern Railway Company was being operated by the director-general under Federal supervision. At the first term of the court the Southern Railway Company traversed the return of the sheriff and filed a plea in abatement, and in the plea alleged " that the return of service entered by the sheriff in this suit, to the effect that C. M. Gaston, the agent of the Southern Railway Company, was served with the writ and process, is not true, and that the portion of the return of service, to the effect that the same was served upon the said C. M. Gaston at the office and place of doing business of said corporation in Stephens county, Ga., is not true, for that at the time of said service the said C. M. Gaston, on whom process was served, was not and is not now the agent of the Southern Railway Company, and the Southern Railway Company at the time of said service had no agent or place of doing business in Stephens county, Ga.," and that " defendant avers that at the time of said service the said C. M. Gaston was an employee and agent of William G. McAdoo, director-general of railroads, and that the Southern Railway Company had no agent or place of doing business in said Stephens county, Ga." By agreement of counsel the issues as made by the traverse and by the plea in abatement, upon the questions both of law and fact, were heard and determined by the judge of the superior court, without the intervention of a jury. On the trial the plaintiff tendered in evidence the original suit and process, showing that service had been perfected by serving C. M. Gaston, agent at Toccoa, Ga. C. M. Gaston testified for the railway company that " at the time of the service upon him he was not the agent of the said Southern Railway Company, but that the Federal authorities had taken over the properties of the said Southern Railway Company and were operating the same under Federal provision; that he had been the agent of said Southern Railway Company up to the time the Federal authorities took over the property of said Southern Railway; that at the time of service he was agent in the employ of the director-general, operating the said railroad under Federal supervision; that his duties, under the Federal supervision, were the same as those while acting as the agent of said Southern Railway Company, but at the time of the service he had no connection with the Southern Railway Company, made no report of any kind to said company, but made all reports to Federal

railway administration, by whom he was paid his compensation and salary, and that the Southern Railway Company had no agent or officer in Stephens county at the time of said service; that at the time of service the said Southern Railway Company had an officer, in the person of a Mr. Miller, who was the vice-president of the Southern Railway Company, living at Atlanta, Ga." . . After hearing the evidence the judge sustained the traverse to the return of service and· sustained the plea in abatement and dismissed the suit.

The court properly sustained the traverse to the entry of service and properly sustained the plea in abatement and dismissed the suit. Railway employees who were continued by the director-general of railroads as servants, after Federal control, were under the direction of the director-general of railroads· and were in no way controlled by their former employers. See Missouri Pacific Railroad Co. *v.* Ault, 256 U. S. 554, 557 (41 Sup. Ct. 593, 65 L. ed. 1087, 1090) ; *Ga. So. & Fla. Ry. Co.* v. *Smiley,* 151 *Ga.* 795 (108 S. E. 273). After the presidential proclamation taking over the railroads and the control of them, and under the general orders of the director-general, such of the employees of the railway companies as may have been continued in the service became the employees of the director-general of railroads, upon whom service could not be made as agents of the railroads of suits for injuries or damages sustained by the alleged negligence· of railroads while they were being operated by the corporation.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*