14689. ATLANTA, BIRMINGHAM & ATLANTIC RAILWAY CO. *v.* McCLELLAND.

Where the Federal director-general of railroads was operating a railroad when suit was brought against the railroad company, service upon the railroad company was not effected by service upon an agent in the employ of the Federal director-general in the operation of the railroad.

DECIDED OCTOBER 3, 1923.

Appeal; from Coffee superior court—Judge Summerall. April 28, 1923.

*Brandon & Hynds, Dart & Slater,* for plaintiff in error.
*R. B. Chastain, R. A. Moore,* contra.

LUKE, J. McClelland instituted suit in August, 1919, against the Atlanta, Birmingham & Atlantic Railway Company in a justice's court. Default judgment was rendered in June, 1920. Execution issued upon this judgment in favor of McClelland against "A. B. & A. R. R. Co." Affidavit of illegality was filed by the Atlanta, Birmingham & Atlantic Railway Company, upon the ground that the defendant had never had its day in court, was never served with summons, did not waive or acknowledge service, and did not appear and defend the suit. The issue made by the affidavit of illegality was tried in the superior court, on appeal, and the evidence showed service of the summons on one Raulerson, in charge of the office at Nichols, Ga. The testimony of Raulerson

3

was positive that at the time of service of the summons he was not the agent of the Atlanta, Birmingham & Atlantic Railway Company, but was the agent of Walker D. Hines, director-general of railroads, operating the Atlanta, Birmingham & Atlantic Railway Company. The verdict was for the plaintiff in fi. fa.

The motion for a new trial by the Atlanta, Birmingham & Atlantic Railway Company, upon the general grounds, should have been granted. Under the presidential proclamation assuming control of the railroads, and the general orders of the director-general, all railway employees who continued in the service of the government were thenceforth during Federal control the agents of the director-general and not of the corporation. Therefore, service of a suit against the corporation upon such employee was not service upon the corporation, and a proper affidavit of illegality should be sustained. It was error to overrule the motion for a new trial. See *Clarke* v. *So. Ry. Co.*, 30 *Ga. App.* 590 (118 S. E. 475).

*Judgment reversed. Broyles, C. J., and Bloodworth, J.,* concur.