# CHARLESTON.

PEOPLES STATE BANK OF CROWN POINT, INDIANA, *v.* THOMAS
E. JEFFRIES *et al.*

(No. 5154.)

Submitted February 17, 1925.   Decided September 8, 1925.

1.  JUDGMENT—*In the Notice of Motion for Judgment on Note,
    Affirmative Allegation of Parties Thereto is Unnecessary,
    if Such Facts Appear with Reasonable Certainty From
    Entire Notice.*

    In a notice of motion for judgment on a note, it is not necessary to allege affirmatively the parties thereto, when these facts appear with reasonable certainty from the entire notice.   (p. 405.)

2.  SAME—*Affidavit May be Used to Supplement Notice of Motion for Judgment on Note; if Non-Payment of Note is
    Averred in Affidavit, Failure to Allege Non-Payment in
    Notice of Motion for Judgment on Note is Not Material.*

    The affidavit may be used to supplement the notice. And where non-payment is averred in the affidavit, failure to allege non-payment in the notice is not material.   (p. 406.)

3.  CONTRACTS—*Contract to be Interpreted by Laws of State in Which it Was Made and to be Performed; Laws Subsisting Where Contract Made and to be Performed Are Part Thereof.*

> Points 1 and 2 *Refining Co.* v. *Grocery Co.*, 94 W. Va. 504, approved and applied.  (p. 406.)

Error to Circuit Court, Cabell County.

Motion for judgment on a note, by the People's State Bank of Crown Point, Indiana, against Thomas E. Jeffries and another.  Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Connor Hall*, for plaintiff in error.

*T. W. Peyton* and *C. W. Bixby*, for defendants in error.

HATCHER, JUDGE:

Upon a motion for judgment, the circuit court of Cabell County rendered judgment against the defendants in favor of the plaintiff for $4,221.81.  The items in this amount are: $3,700.00 the principal of the note sued upon, $336.81 interest, and $185.00 attorney's fees.  The case is here on error.

The defendants allege as error:  (A) that the notice of the motion fails to positively or affirmatively allege a promise by the defendants, or that the note was made or endorsed by either of them; (B) that the notice contains no allegation of non-payment; and (C) the award of attorney's fees.

The notice is as follows:

> "To Thomas E. Jeffries and O. J. Deegans:
>
> You and each of you will take notice, that the undersigned, Peoples State Bank, will move the Circuit Court of Cabell County, West Virginia, at the court house of said county, on TUESDAY, OCTOBER 2nd, 1923, at the hour of nine o'clock A. M. or as soon thereafter as counsel may be heard, for a judgment against you and each of you for the sum of $3700.00 and interest that may be due thereon and attorney's fees as contracted for therein, and the costs of such motion, upon that certain promissory negotiable note in words and figures following:
>
> No.          Indianapolis, Ind., April 21, 1921.
> One (1) year after date I promise to pay to the

order of Peoples State Bank, Crown Point, Thirty Seven Hundred Dollars.   Negotiable and payable at Peoples State Bank.
Crown Point.

With interest at the rate of 7 per cent per annum from date, and five per cent Attorneys fees. Value received without any relief whatever from Valuation or Appraisement Laws.   The Drawers and Endorsers severally waive presentment for payment protest or notice of protest and non-payment of this note.
$3700.00.   Due Apr. 21, 1922.
No. 14224.                          THOS. E. JEFFRIES.

And endorsed on the back thereof O. J. Deegans. And appearing in writing on the back thereof the following notation:
Cancelled Check N. S. F.
4-21-22.   1-8 1923 Received check          $388.50
                              Huntington, W. Va., 1-8-1923.

The time of payment of this note is extended to July 1, 1923.

I hereby assent to the above extension of the time of payment of this note without release from liability thereon, or otherwise affecting the provisions therein under the laws of the State of Indiana.
                              O. J. DEEGANS.

And the said note has written on the face thereof:

"The Drawers and Endorsers severally waive presentment for payment protest or notice of protest and non-payment of this note."

And that said note was delivered to the Peoples State Bank at Crown Point, Indiana, before the maturity thereof;

That the statute of Indiana with reference to the legal rate of interest that may be collected on loans of money, goods and other things is as follows:

BURNS' REVISED STATUTE OF INDIANA
        OF 1924.

"Section 7950:   RATE:—The interest on loans or forbearance of money, goods, or things in action, when the parties do not agree on the rate,

shall be six dollars a year on one hundred dollars, and at that rate for a greater or less sum, or for a shorter or longer time; but it may be taken yearly, or for a shorter period, in advance. No agreement to pay a higher rate shall be valid, unless the same be in writing signed by the party to be charged thereby; and in such case it shall not be lawful to contract for more than eight per centum per annum.''

And that at the time the said note was executed by the said Jeffries, and at the time it was endorsed by the said O. J. Deegans and delivered by the said Peoples State Bank, and for many years prior thereto, and up to the present time, and still is the law of the State of Indiana, as a rule established and adjudicated by the highest judicial courts of said State.

That the statute of Indiana with reference to the collection of Attorney's fees contracted for in a promissory note is as follows:

BURNS 1914 INDIANA STATUTE APPROVED MARCH 10, 1875.

''Section 9089.   ATTORNEY FEES.—1.   Any and all agreements to pay attorneys fees, depending upon any condition therein set forth, and made a part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby declared illegal and void. PROVIDED, that nothing in this section shall be construed as applying to contracts ·made previous to the taking effect of this act.''

That at the time the said note was executed by the said Jeffries, and at the time it was endorsed by the said Deegans and delivered to the plaintiff Peoples State Bank at Crown Point, Indiana, and for many years prior thereto and up to the present time, it was and still is the law of the State of Indiana as a rule established and adjudicated by the highest Courts of said State.

And that the said Peoples State Bank, the holder of the note sued on herein has come under obligation to pay attorney's fees for collection of said note.

That at the time and place above mentioned, you and each of you can *at and* show cause against the said motion, if any you can show.

Dated this 6th day of September, 1923.

PEOPLES STATE BANK OF CROWN POINT, IND.

By counsel.

WARTH & PEYTON and C. W. BIXBY, Attorneys.

O. J. Deegans and Thos. E. Jeffries, Dr.

To Peoples State Bank, Crown Point, Ind.

| | | | |
|---|---|---|---|
| To principal on note | $3,700.00 | | |
| Interest 2 years 5 mo. 11 days to October 2, 1923 | 633.84 | | |
| 5 per cent Attorney's Fees | 185.00 | | |
| January 8, by credit check | | $ 388.50 | |
| Balance due as of Oct. 2, 1923 | | 4,130.34 | |
| | | $4,518.84 | $4,518.84 |

Balance due $4,130.34.

STATE OF WEST VIRGINIA,
COUNTY OF CABELL, TO-WIT:

H. C. Warth, being by me first duly sworn, says that he is the Attorney of the Plaintiff bank named in the foregoing notice and account; that he is familiar with the account of the said plaintiff above set out; that there is as he verily believes, due and unpaid upon the demands stated in such notice and account from the said defendants to the said plaintiff after deducting all payments, credits and sets off, made by the said defendants and to which they are entitled, the said sum of $4,130.34, as of said end day of October, 1923.

H. C. WARTH.

Taken, sworn to and subscribed before me on this the 7th day of September, 1923.

My commission expires August 10, 1933.

T. W. PEYTON,
Notary Public."

A leading case in West Virginia on the requirements of a notice, under the statute, of a motion for judgment, is that of *Board* v. *Parsons,* 22 W. Va. 308, in which the court held:

"It is the purpose of a notice on which to base a motion for judgment, to acquaint the defendant

with the grounds on which he is to be proceeded against; and if it be so plain that the defendant cannot mistake its object, it is sufficient, however wanting it may be in form and technical accuracy.''

A large number of cases are cited in the opinion which show that courts have consistently construed such notices with the utmost liberality.

In *White* v. *Sydenstricker et al*, 6 W. Va. 46, the following notice was given:

"NOTICE.

To John T. Sydenstricker, Philander Sydenstricker, and James W. Davis:

Notice is hereby given you, that on the ............ day of the next term of the Circuit Court for the County of Greenbrier,............................................ shall move the said court to render judgment and award execution against you, on an undertaking dated the 15th day of June, 1871, which said undertaking was executed to William H. White in the sum of $219, is conditioned for the forthcoming and delivery of property, and has been forfeited.

Given under................hand this 6th day of September, 1871.

William H. White.''

It will be noted therefrom that the day of the motion, as well as the name of the party who would make the motion, is left blank, the ''undertaking'' referred to is not described, and the maker of the undertaking is not named. Despite all of these technical omissions, the court held in regard thereto: ''There is here no possible ground of misapprehension as to its meaning; the parties had all sufficient information.''

In *Shepherd* v. *Brown*, 30 W. Va. 13, it was stated that such a notice was viewed with ''great indulgence'' by the courts, who required only that it should be so plain that its purpose was unmistakable, no matter how it might want in form and technical accuracy. Point 2 in *State* v. *Keadle,* 63 W. Va. 645, further illustrates the leniency of the court:

''Such notice, under the liberal rules relating thereto, is not defective because the facts are re-

cited under a *quod cum* or "whereas," rather than
by positive and direct averment."

In *Stuart* v. *Carter,* 79 W. Va. 92, Judge POFFENBARGER
summed up the requirements of such a notice as follows:

"Though the notice is a sort of substitute for a
declaration as well as a summons, it sufficiently
performs the function of the former, if it indi-
cates with reasonable certainty, upon what obliga-
tion, demand or account the judgment is sought."

Judge POFFENBARGER's dictum was approved and reiterat-
ed by Judge LIVELY in *Bank* v. *Dixon,* 94 W. Va. 21:

"The notice is treated as a substitute for sum-
mons and declaration, and it sufficiently performs
the functions of a declaration if it indicates with
reasonable certainty on what obligation, demand,
or account the judgment is sought."

From the foregoing decisions, it is apparent that the suf-
ficiency of this notice should be weighed, not on the fine bal-
ance of technical pleading, but with the simple steelyard of
common expression. When so weighed, this notice is not
found wanting. It is true that the notice does not state posi-
tively that Jeffries is the maker and. Deegans the endorser
of the note which it described. It does, however, contain a
recital that the note was executed by Jeffries and endorsed
by Deegans. It notifies defendants of a motion for judgment
on a certain note which is therein copied in full. This note,
as copied, bears the name of Jeffries as maker, and the notice
states that O. J. Deegans is endorsed on the back. The note
contains a promise to pay the plaintiff the sum of $3,700.00.
The notice therefore complies fully with the requirement
stated in *Stuart* v. *Carter* and *Bank* v. *Dixon, supra,* in that
it indicates with certainty upon what *obligation* the judgment
was being sought.

It follows from the ruling in *White* v. *Sydenstricker* and
*State* v. *Keadle, supra,* that the validity of this notice does
not depend on the maker and endorser of the note being af-
firmatively alleged. A case is made if, from the entire notice,
it is obvious that the defendants are the parties to the note.

If the notice in *White* v. *Sydenstricker* was valid, *a fortiori*, is the notice herein sufficient, because this notice contains in full the *undertaking* upon which recovery was sought, with the names of the maker and endorser thereon. These defendants were informed by the notice that the plaintiff would move for judgment on a note bearing their names, which promised to pay the plaintiff $3,700.00 etc. Therefore, the purpose of the motion is so plainly expressed in the notice that the defendants could not, by any means, have mistaken its object.

(B). In *Stuart* v. *Carter, supra,* we have an express holding that it is not necessary in such a motion to allege that the note has not been paid.

> "In so far as the exception or objection to the notice rests upon lack of averment of non-payment of the penalty of the bond, *it is obviously untenable,* because the proceeding by motion is informal and untechnical. * * * While the averment of non-payment of the penalty may still be a matter of substance in a declaration in debt, it is highly technical and, therefore, not required in a notice of a, motion for judgment under the statute."

The affidavit avers that the sum demanded by the notice is due and unpaid. The affidavit may be used to supplement the notice. *Pelley* v. *Hibner,* 93 W. Va. 169, 118 S. E. 923.

(C). The note in this case having been executed in Indiana, is subject to the laws of that State.

> "The laws which subsist at the time and place where a contract is made and to be performed enter into and become a part of it to the same extent and effect as if they were expressly incorporated in its terms.
>
> "Where a contract is made in another state to be performed there, and suit thereon is brought in a court of this state, it is to be interpreted according to the laws of that state as construed by the highest court of that state."

*Refining Co.* v. *Grocery Co.,* 94 W. Va. 504; 119 S. E. 437.

The laws of Indiana, as construed by the highest court of that State, permit the recovery of attorney's fees where the promise to pay them is an unconditional promise.

> "A provision in a note for the unconditional payment of Attorney's fees amounts to an agreement to indemnify the holder against payment of attorney's fees in collecting the note, and the holder can recover thereunder only such reasonable and necessary fees as he has been compelled to pay, or has become liable for."

*Starnes* v. *Schoeffeld,* 5 Ind. App. 4; 31 N. E. 480.

To the same effect are *Smith* v. *Silbers,* 32 Ind. 321; *Wiley* v. *Starbuck,* 44 Ind. 298; *Churchman* v. *Martin,* 54 Ind. 380; *Norris* v. *Tharp,* 65 Ind. 47; *Harvey* v. *Baldwin,* 124 Ind. 59; *Rouyer* v. *Miller,* 16 Ind. App. 519; and *Foster* v. *Honan,* 22 Ind. App. 252.

Following the decisions of Indiana's highest court, it was proper to allow reasonable attorney's fees in this case.

Perceiving no error in the judgment of the circuit court, it is therefore affirmed.

*Affirmed.*