23297. SANDERS *v.* ATLANTIC COAST LINE RAILROAD COMPANY *et al.*

DECIDED JANUARY 22, 1934.

*Thomas L. Hill, Frederick B. Tyler,* for plaintiff.
*Cumming & Harper, W. Inman Curry,* for defendant.

SUTTON, J. 1. Plaintiff brought suit against the Atlantic Coast Line Railroad Company and the Louisville and Nashville Railroad Company, as joint lessees of the Georgia Railroad, for money had and received. He alleged that the Georgia Railroad received from the paymaster under the director-general of railroads, during the time the United States Government had charge of the Georgia Railroad, and operated the same in 1918, certain sums of money received by said paymaster as additional wages due the plaintiff while he was an employee of the railroad under government supervision, being the increased wages allowed said employees at that time, which increased sums for wages were never received by the plaintiff although sent to said paymaster for him and although the plaintiff made demand therefor. The petition nowhere alleges that the defendants received the alleged increased wages for the plaintiff from the Georgia Railroad, or said paymaster, or any one else; but it affirmatively appears from the allegations thereof that the money was received by the Georgia Railroad, and not by the defendants as lessees of said railroad. In these circumstances the

petition wholly fails to make out any case against the defendants · for money had and received.

2. Moreover, under the presidential proclamation, during the late world war, assuming control of the railroad and the general orders of the director-general, all officials and employees who continued in the service of the government were thenceforth during Federal control officials and employees under the director-general, and not of the railroad. At that time all the officials and employees of the railroads ceased to be officials of the railroad, but · became employees of the director-general.; *A., B. & A. Ry. Co.* v. *McClelland,* 31 *Ga. App.* 33 (119 S. E. 437); *Clark* v. *Southern Ry. Co.,* 30 *Ga. App.* 590 (118 S. E. 475); Missouri Pacific R. Co. v. Ault, 256 U. S. 554 (41 Sup. Ct. 593). Any increased pay of employees allowed by the director-general under order No. 27, which was received by a paymaster during that time, was not received by him as an employee of the railroad, but as an employee of the director-general, and if such paymaster wrongfully kept such increased pay and did not pay the same over to the employee entitled thereto, an action therefor could not be maintained against the railroad company.

3. Any action for the increased pay allowed during Federal control of the railroads which the plaintiff might have had would have been against the director-general or against the paymaster who did not turn this increased pay over to plaintiff. There could be no action against the railroad company, which did not have possession of and was not operating its properties at that time. *Christopher* v. *Hines,* 27 *Ga. App.* 282 (108 S. E. 137).

4. Furthermore, the plaintiff's action, if any he had against anyone, is barred by the statute of limitations. He seeks to recover increased pay alleged to be due him from February 10, 1918 to August 14, 1918. Actions, suits or proceedings may be brought in any court having jurisdiction had the action arisen against the carrier within the periods of limitation now prescribed by State or Federal statutes, but not later than February 28, 1922. 49 U. S. C. A., § 74(a). The fact that the plaintiff in 1918 called on the paymaster of the director-general and was informed that there was no money due him, and that the plaintiff relied on this statement, having implicit faith and confidence in the paymaster, and was lulled into a sense of security, that he then moved to another State

and stayed there ten years, and when he returned he called on the paymaster of the defendants and was inadvertently and erroneously informed by him that checks for the plaintiff had been in his possession, but by reason of garnishment proceedings had been collected by someone unknown to him, would not operate to change the status of this case.

5. Applying these rulings, the court did not err in dismissing plaintiff's petition, on general demurrer.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., concurs in the judgment on paragraph 1 of the syllabus.*